THEOPHILUS B. PERSSE AND ANOTHER *vs.* CONSTANT W. WATROUS AND ANOTHER.

A replevin bond, the condition of which is that the plaintiff shall prosecute his replevin suit to effect or return the goods, is broken by the withdrawal of the writ of replevin from the hands of the officer by the plaintiff before the return day, and the discontinuance of the suit.

Although the defendant in a replevin suit is an actor therein as well as the plaintiff, yet he is not such until after avowry, and it is no part of his duty to see that the writ is returned.

There are many cases where a replevin bond becomes, by subsequent events, *functus officio* and inoperative, and where the liability of the obligor terminates, although the condition of the bond has not been fulfilled. These events may be classified as follows:—1. Such as terminate the suit of the attaching creditor adversely to him, and thus put an end to his lien. 2. A termination of such suit and lien by the death of the defendant therein, which dissolves the attachment lien. 3. Events like the death of a party in the replevin suit, which determine that suit, and render the performance of the condition impossible by the act of God. 4. Where the defendant in replevin by his laches or misconduct loses or waives his rights under the attachment lien, or renounces his right to a return by failing to make avowry and pleading the general issue, or otherwise loses his rights in the particular case by his own neglect.

But where the defendant in replevin is prevented from avowing his right and obtaining a judgment thereupon by the act or fault of the plaintiff, as where the latter takes out a defective writ, and the suit is abated, or he becomes nonsuit, or

discontinues or withdraws the action, the defendant may have a judgment of return, if the position of the case in court will permit it, or may have his remedy on the replevin bond, for in all such cases there is a failure to prosecute.

The statute (Rev. Stat., tit. 1, sec. 265,) which provides a form to be used in taking replevin bonds, was not intended to prescribe the exact form of the bond, and the form there given need not be followed strictly.

Where the condition of the bond was, to prosecute to effect before *A B justice of the peace*, and the justice had not final jurisdiction; held, that the bond was not void, as not complying with the statute, which requires a bond to prosecute to effect generally.

The alternative condition of the bond was, to return the goods to the officer who attached the same, or to the officer having the execution in the original suit. Held, that a demand upon the debtor by the officer on the execution in that suit was not necessary, before the attaching creditor could become entitled to a return of the goods.

Held also, that no demand upon the replevin bond, either for the penalty of the bond or for the amount of the judgment obtained in the attachment suit, was necessary before bringing suit on the bond.

DEBT upon a replevin bond. The declaration alleged that the plaintiff attached certain goods as the property of one Balsius ; that the defendant Watrous sued out a writ of replevin, and under it took the goods; and that on suing out the writ the defendants entered into a recognisance, conditioned that Watrous " should prosecute the writ of replevin before Freeman M. Brown Esq., justice of the peace for said county, at his office in Windsor Locks aforesaid, on the 22d day of January, A. D. 1859, to full effect, and in case he should not make his plea good should deliver the goods to the officer who attached them, or who should have the execution issued in said suit, and on failure thereof pay the debt or damages and costs recovered in said suit." The declaration further alleged that the plaintiff recovered judgment in the attachment suit against Balsius, that execution was issued thereon and the officer directed to levy the same on the goods attached and replevied ; that the officer demanded the goods of the defendants, but they refused to deliver them, and that he could not find them, or any other goods of Balsius on which to levy, and made return accordingly ; that the writ of replevin was never returned to the justice of the peace, and that Watrous, on the 20th of January, 1859, notified the plaintiff that the

Persse v. Watrous.

replevin suit was withdrawn. The breach alleged was that Watrous had not prosecuted the writ of replevin to effect.

The defendants pleaded the general issue, with notice, which was closed to the court. The cause was tried before *Mc Curdy, J.*, and the issue found and judgment rendered for the plaintiff.

The defendants thereupon filed a motion in error and brought the record before this court, assigning as ground of error the insufficiency of the declaration.

*H. C. Robinson* and *Hamersley*, for the plaintiffs in error.

1. The recognisance as set out is void on its face, being variant from that prescribed by the statute. Rev. Stat., tit. 1, secs. 261, 265.

2. The facts set out in the declaration show that the replevin suit was prosecuted to effect. That phrase means " prosecuted to a not unsuccessful termination." *Jackson* v. *Hanson*, 8 Mees. & Wels., 483. The plaintiff's death pending the suit is a prosecution to effect. *Ormond* v. *Bierly*, Carth., 519. *Morris* v. *Matthews*, 2 Ad. & El., (N. S.,) 297. *Parsons* v. *Williams*, 9 Conn., 236. A replevin bond is analogous to, though not a substitute for, the ordinary bond for prosecution. *Fleet* v. *Lockwood*, 17 Conn., 233. That bond does not become absolute, unless the defendant *becomes entitled to costs*. So by analogy, the replevin bond does not become absolute unless the defendant becomes entitled to a *return of the goods*. He is entitled to such return only when he obtains a judgment to that effect. *Ladd* v. *Prentice*, 14 Conn., 109. *Pettigrove* v. *Hoyt*, 11 Maine, 69. *Cooper* v. *Brown*, 7 Dana, 333. *Pemble* v. *Clifford*, 3 McCord, 43. *Badlam* v. *Tucker*, 1 Pick., 287. Such a judgment was not prevented by any act of the plaintiff in replevin. The non-return of the writ was the act of the officer, for which he may be sued by any party injured thereby. And he could not plead authority from the plaintiff in excuse. *Derby Bank* v. *Landon*, 2 Conn., 417. The plaintiff is not responsible for the officer's neglect. *Harrison* v. *Wardle*, 5 Barn. & Ad., 146. The surety clearly can not be held liable for such neg-

lect. To do so would impose a burden which he never meant to assume. *Parsons* v. *Williams*, 9 Conn., 239. *Governor* v. *Pearce*, 31 Ala., 465. Again, that non-return was not an abandonment of the replevin suit by the plaintiff. A replevin writ is not an *adversary suit*, but a *mandatory precept*. *Denison* v. *Raymond*, Kirby, 274. But if it were such an abandonment, then the property thereby became revested in the attaching officer, and subject to the original lien as if never replevied. *Burkle* v. *Luce*, 6 Hill, 558. The notice of withdrawal does not affect the case. That was a mere nullity. A party can not withdraw a suit till the writ is returned. Rev. Stat., tit. 1, sec. 53. But even if the withdrawal was effective, the defendants in replevin were entitled to a judgment *de retorno*. *Ormsbee* v. *Davis*, 16 Conn., 568. By declining to claim it they forfeited all right to a return. *Badlam* v. *Tucker*, supra. *Cooper* v. *Brown*, supra. *Smallwood* v. *Norton*, 20 Maine, 83. In the case of an appeal, the appellee may himself enter it, and he can not have costs unless he does so. Rev. Stat., tit. 1, sec. 73.

3. No demand was made upon Balsius, the debtor, on the execution issued in the original suit. The attachment lien upon the goods was in consequence lost. Such a demand was necessary. Rev. Stat., tit. 1, § 175. *Dutton* v. *Tracy*, 4 Conn., 365. And must be alleged. *Green* v. *Barker*, 14 Conn., 432. *Levois* v. *Thibodeax*, 13 Lous. Ann. R., 264. A discharge of the lien releases the replevin bond. It destroys the plaintiff's title to the goods, and to the bond which is simply a substitute for the goods.

*C. Chapman*, for the defendants in error.

1. The declaration is sufficient and sets out a valid recognizance. *Calef* v. *Phelps*, 25 Conn., 114. The statute does not prescribe the precise words in which a recognizance must be taken, but only a form which may be used.

2. But if it were otherwise, this was a voluntary bond. It was not given under duress of any kind.

3. The consideration of the bond was broken, and the breach is fully averred in the declaration. The replevin suit

was not prosecuted to effect, and the writ was never returned to the magistrate. No motion for judgment therefore could be entertained by the magistrate, and no judgment *de retorno* could be rendered by him.

4. But no judgment of return was necessary. Our statute does not necessarily contemplate a judgment. If the plaintiff shall fail to prosecute his replevin suit to effect he is bound to restore the property, and on failure to do so is liable on his recognizance.

5. It is entirely unnecessary to aver or prove any demand for the payment of the money. Am. Prec., 93. *Lunt* v. *Paddleford*, 10 Mass., 239.

6. It is not necessary to aver in the declaration that the officer having the execution in the original suit made demand on the debtor. The defendants in this suit have no interest in that question. A demand was made on them for the goods and they failed to deliver them. Then their obligation to pay the money was fixed. But the declaration shows sufficiently that such a demand was in fact made.

BUTLER, J. The claim of the plaintiff in error that the bond described in the declaration was void on its face, is clearly unfounded.

It is urged in support of this claim, in the first place, that the condition of the bond did not require the obligor to prosecute to effect generally, in whatever court the ultimate decision might be had, according to the form prescribed by the statute; but required him to prosecute specially, in a particular way, at a particular time and place, and before a particular magistrate, who had not final jurisdiction in the matter.

Where the language of the statute in giving a form is permissive, as it generally is in relation to the various forms of process and recognizance, it is not necessary to follow it strictly. The chapter or title respecting forms in the edition of 1821, had a section expressly providing that " other and divers forms than those prescribed might be used, so that the substance of the matter or action be well contained therein according to law." That chapter was omitted in the revis-

ion of 1849, and the forms which it contained were distrib-
uted in their proper places in the several acts to which they
related. The section authorizing other forms was also omit-
ted ; but the language of the several acts in which the forms
are embodied, is such as to show that it was not the intention
of the legislature that the precise form should be followed,
except in relation to oaths, elections, school returns, and in
other cases where the nature of the subject requires a strict
compliance with the form prescribed. In all such cases the
language of the particular act in that respect is imperative.
In this case it is clearly permissive, and the substance of the
bond, as prescribed in the 261st section of the statute, is " well
contained " in it.

But it is further claimed that the requirement added in this
bond is inconsistent with the law, and avoids it, for that the
effect of the requirement is to limit the prosecution to the
magistrate before whom the writ is returnable, while the law
allows an appeal. No such construction can properly be put
upon the requirement. The legal import of it is precisely the
same as that contained in the form given by statute. The
form given in the statute requires him to prosecute to effect,
that is to final judgment, and he can not so prosecute, nor at
all, without prosecuting before the magistrate, and at the time
and place, when and where the writ is returnable. It is
therefore wholly immaterial whether the description of the
court is omitted or inserted. So the legislature doubtless
thought ; for the description was contained in the form of
1821, and was omitted in 1849 ; and other changes of phrase-
ology then made show that it was omitted for the sake of
brevity. The description is still retained in the form relative
to the replevying of cattle, but it has not we presume been
supposed by any one that it operated as a limitation in that
case. Indeed, a description of the court where the plaintiff
in replevin was to prosecute, was contained in the ancient
bonds taken by the sheriffs after the passage of the statute
of Marlbridge, and from that time objections like the one
under consideration have frequently been made, but as often
over-ruled. *Blacket* v. *Crissop*, 1 Lutw., 688 ; *Butcher* v.

*Porter*, 1 Show., 400 ; *Lane* v. *Foulk*, Comb., 228 ; *Blacket* v. *Crissop*, 1 Ld. Raymond, 278 ; *Gwillim* v. *Holbrook*, 1 Bos. & P., 410. The decisions have been numerous and uniform in England and this country, to the point that the condition to prosecute to effect required the plaintiff in replevin to pursue the action before a higher court, if removed by *recordari*, on error, or appeal, and by either of the actors in the suit.

But it is further said that the bond is illegal because it requires the plaintiff in replevin to return the goods to the officer having the execution " in said suit," and that these words refer to the replevin suit. We think the plaintiff in error has misapprehended the declaration. It does not purport to recite the bond in the words of it, but to describe it, and construing the words referred to with that understanding and with reference to the other language used, they clearly refer to the original suit, by which only an execution could be obtained on which the goods could be taken. Indeed the replevin suit as such was not then in existence. The writ only is referred to in the bond, and the execution of the bond was an act precedent to the issuing of the writ.

It is claimed in the second place, that the facts averred in the declaration show that the condition of the bond was fulfilled, not broken, inasmuch as the plaintiff suffered no adverse result, and had no judgment of return rendered against him in the suit.

The declaration avers that the defendant, having prayed out the writ of replevin, and obtained thereby possession of the goods attached, withdrew his suit before the return day of the writ, and gave the defendant notice of the withdrawal, and no return of the writ was made to the magistrate before whom it was returnable. The writ must be presumed to have been in the hands of the officer, and a withdrawal of the suit before its return implies a withdrawal of the writ from him, or a notice or direction to him not to return it.

Upon this state of facts it is claimed that the plaintiff in replevin prosecuted to effect, inasmuch as no adverse result and no judgment of return was had against him. This seems very

much like claiming to prosecute to effect by not prosecuting at all.

The plaintiff in error does not indeed admit that he prevented the return of the writ, but such is the import of the facts alleged, and he claims that the defendant was also bound to see that the writ was returned. It is doubtless true that in replevin both parties are said to be actors. But strictly the defendant does not become an actor until he makes avowry, which is in the nature of a declaration. Until then the entire responsibility of prosecuting is upon the plaintiff. From thence the defendant is also considered as prosecuting for a return, and therefore strictly an actor. But it can not with propriety be said that he is so much an actor from the outset, that it is his duty to see to a return of the writ.

The obligation assumed by the condition of the bond is not single, but two fold. First, to prosecute, and to effect; and second, to return the goods or pay the value of them, to the extent of the debt and cost, if he does not so prosecute ; and the bond is forfeited by a breach in either respect. *Turner* v. *Turner*, 2 Brod. & Bing., 107 ; *Perreaux* v. *Bevan*, 5 B. & C., 284 ; *Phillips* v. *Price*, 3 Man. & Sel., 183. The condition is absolute in its terms, to prosecute, and to effect, and it is a mistake to say that it is fulfilled by prosecuting to a *not unsuccessful result*. Some of the English judges may have proceeded upon that idea, but it is a mistaken one, at least as applicable to a replevin suit brought by a person not a party to the original suit, seeking as owner to obtain possession of goods attached.

Owing to the peculiar character of the action of replevin, and of the rights of the attaching creditor which the bond is given to secure, and the contingencies attending the prosecution of either suit, there may happen many subsequent events which may terminate the liability of the plaintiff in replevin upon his bond ; not strictly because the condition of the bond is fulfilled, but because the bond is thereby rendered *functus officio* and *inoperative*. There is nothing in the opinions of Judge Sherman in *Ladd* v. *Prentice*, or *Green* v. *Barker*, to which we are referred, which countenances the idea that the

bond is by such events fulfilled.    He does indeed say in *Ladd* v. *Prentice,* that in all cases where a final trial has been had and no obligation to re-deliver the goods is incurred, the plaintiff prosecutes to effect, although the judgment may be for the defendant, but that is because, in the case supposed, the defendant had renounced or waived his right to a return of the goods, and with it his opportunity of enforcing his attachment against the property, or making any claim upon the replevin bond, by pleading the general issue merely.    But in *Green* v. *Barker* he expressly said, that if the suit in which the goods are attached is withdrawn or discontinued the bond becomes "*inoperative ;*" and if there has been a judgment of return that becomes inoperative &c.    And in *Badlam* v. *Tucker,* 1 Pick., 285, to which we are referred, the court did not incline to consider the abatement by the death of the party as a fulfillment of the condition to prosecute to effect, (although that view and the English cases cited here were pressed upon them,) but as terminating all liability on the bond by *rendering its performance impossible by the act of God.*

The subsequent events which render the replevin bond *functus officio* may be divided into· several classes, and such classification with a reference to a few of the cases cited will serve to show the fallacy of the claim made by the plaintiff in error.    In the first class may be placed such events as terminate the suit of the attaching creditor adversely to him, and thus put an end to his lien.    Second, a termination of the original suit and lien by the death of the debtor, which dissolves the lien, as in *Green* v. *Barker,* 14 Conn., 431, and other cases cited.    Third, events like the death of a party in replevin, which determine that suit, and render the performance of the condition of the bond impossible by the act of God ; as in *Badlam* v. *Tucker,* and other cases.    Fourth, events where the defendant in replevin by his laches or misconduct loses or waives his rights under the lien by attachment, or renounces his right to a return by failing to make avowry and pleading the general issue, as in *Ladd* v. *Prentice ;* or otherwise loses his right to a return by his laches and misconduct in the particular case.    In these and other like cases the bond

becomes inoperative as a security, either because its perform-ance has become impossible by the act of God, or because the defendant in replevin has lost, renounced, or waived the right which the bond was given to secure, and upon the plain prin-ciple that the security falls with the right which it is given to secure.

But when the defendant is prevented from avowing his right and obtaining a judgment in his favor and for a return by the act or fault of the plaintiff in replevin, as where he takes out a defective writ and the suit is abated, as in *Fleet* v. *Lockwood*, 17 Conn., 233, or he becomes nonsuit, discontinues or withdraws ·the action, as in *Ormsbee* v. *Davis*, or by any other act or fault of his the suit is determined, the defendant, on avowry or suggestion, may have a judgment of return if the position of the case in court will permit it; or if not may have his remedy on the bond; for in all such cases there is a failure to prosecute.

These principles applied to this case are decisive. The facts averred in the declaration are sufficient to show that the plaintiff in replevin withdrew his suit, and under such circum-stances as to deprive the defendant of his opportunity to sug-gest or avow and obtain a judgment of return. Such with-drawal was a clear failure to prosecute, and a breach of one of the two-fold conditions of the bond, and to hold otherwise would be a reproach to the law.

It is further claimed that the declaration is insufficient because it does not aver a demand for payment upon the orig-inal debtor in the execution, before making demand of the plaintiff in replevin for the property.

The defendant in error has well replied to this claim by saying that the plaintiff has no interest in the question whether the officer did or did not make such demand of the debtor. The duty of the plaintiff in error, the performance of the con-·dition of his bond, was not contingent or in any way dependent upon such default of payment by the original debtor. The terms of his bond required him to prosecute to effect or re-deliver the goods to the officer having, not serving, the exe-cution. It was sufficient for him to know his duty to re-deliver,

and the fact that the officer had the execution, and therefore had a right to demand and receive the property.

It is further insisted that a particular demand of the debt and cost should have been averred. The action is on the bond, alleging the forfeiture and demanding the penalty in conformity with precedent and principle. For that penalty, or any less sum equitably due as an alternative by force of the statute, and which it became the duty of the obligor to pay when he refused to deliver the goods to the officer, as he well knew, bringing the action was a sufficient demand.

There is no error in the record.

In this opinion the other judges concurred.