## HORACE A. WILCOX *vs.* BENJAMIN A. GLADWIN.

The statute with regard to tax warrants (Gen. Statutes, p. 165,) provides that they "may be in the following form." The form then given, after directing the officer to demand the several taxes of the several persons named in the tax list, proceeds as follows:—"*And if any person fails to pay his proportion of said tax you are to levy upon his goods and chattels,* * * *and for want of such goods and chattels you are to levy on his real estate* * * *or take the body of said person and commit him unto the keeper of the jail,*" &c. Held, in trespass against an officer for levying a tax warrant on the body of the plaintiff and committing him to prison—

1. That it was not necessary that the form given should have been followed, the statute not being imperative.

2. That the omission in the warrant of the alternative direction to levy on real estate did not make the warrant void, inasmuch as, with that provision in it, the officer would have had full power to levy on the body as he did, and it was a matter as to which the plaintiff had no election.

The officer endorsed his fees for the service of the warrant upon the original warrant which he returned to the justice, but did not endorse

his fees on the copy which he left with the jailer. Held that the latter endorsement was not necessary.

The warrant directed the keeper of the jail, in case any person was committed upon it, to keep such person safely until he should pay the tax and the fees of the officer for service. The plaintiff claimed that the defendant's fees were excessive and illegal, and that if they were so he was liable to the plaintiff for false imprisonment. The judge charged that, if the fees were excessive, the defendant yet was not liable as a trespasser unless the jury should find that he made them so in bad faith and for the purpose of keeping the plaintiff in jail. Held to be erroneous.

The defendant had no right to hold the plaintiff in jail until he paid fees which were illegal.

TRESPASS for false imprisonment; brought to the Superior Court in Middlesex County, and tried to the jury before *Sanford, J.* The defendant pleaded a general denial, with notice of a justification under a tax warrant as a tax collector.

Upon the trial, the imprisonment of the plaintiff being admitted, the defendant offered in evidence the following tax warrant:—

" To Benjamin A. Gladwin, Collector of the town of Essex, in the county of Middlesex,—Greeting:

" By authority of the State of Connecticut, you are hereby commanded forthwith to levy and collect of each of the persons named in the annexed list herewith committed to you, his several proportion of the sum total of said list as therein stated, being a tax agreed upon by the inhabitants of said town, regularly assembled on the 2d day of October, A. D., 1876, for the purpose of paying the current expenses of the town for the coming year; and if any person shall neglect to make payment of the sum at which he is assessed and set in said list, you are to distrain the goods or chattels of such person and dispose of the same as the law directs, and after satisfying the said tax and charges you are to return the overplus, if any, to said person; and for want of goods or chattels on which to make distraint, you are to take the body of the person so neglecting and him commit unto the keeper of the jail in said county, within the prison, who is hereby commanded to receive and safely keep him

until he shall pay the sum, together with your fees.  Dated at Essex, this 20th day of February, 1877.

> GILES POTTER,
> *Justice of the Peace.*"

"In compliance with the above warrant, which I assert to be a true copy, I herewith commit the body of Horace A. Wilcox, who is in the annexed tax-list, for non-payment of taxes due the said town of Essex, to the keeper of the jail in said county of Middlesex, for safe keeping in the form the law directs.   Essex, May 27th, 1878.

> Attest,   B. A. GLADWIN, *Tax Collector.*"

The plaintiff objected to this evidence upon the ground that it was not a legal warrant, inasmuch as there was no authority given in the same to the defendant, as collector of taxes, to levy on real estate, and was not sufficient to justify the defendant as such collector in making the arrest of the body of the plaintiff and committing him to jail.  The court overruled the objection and admitted the evidence, and instructed the jury that the writing was a legal and sufficient warrant.

The plaintiff offered evidence to prove that he was possessed of real property more than sufficient to pay the tax assessed against him.   The defendant offered evidence to prove that the plaintiff refused to pay his tax, (the same being a commutation tax of $2); that he, the defendant, made several demands for the tax; that it remained unpaid for over one year after it became due; that the plaintiff neglected to show or turn out property to the collector; that after due inquiry he was unable to find any property either real or personal belonging to the plaintiff on which to levy; and that on May 28th, 1878, he levied the warrant on the body of the plaintiff and committed him to the keeper of the Haddam jail in Middlesex County, and left with him a true and attested copy of the warrant and endorsed his fees on the original warrant and returned it to the justice who issued it.

The plaintiff offered evidence to show that while he remained in jail he demanded of the jailor the amount of

the bill of taxes and costs, that he might pay them and be discharged, and was unable to get it. The defendant offered evidence to show that no such demand was ever made by the plaintiff, and also to show that he could have ascertained the amount at any time he desired.

The defendant did not place the amount of the tax or fees on the copy of the warrant left with the jailer. The plaintiff claimed and asked the court to instruct the jury that it was the duty of the defendant to have endorsed on his copy so left with the jailer the amount of tax and his legal charges for serving the warrant, and that failing to do so he rendered himself liable in this action. The court did not so charge the jury, but did charge that the defendant was under no legal obligation to endorse the amount of the tax and fees on the copy left with the jailer, and that his neglect so to do did not make him a trespasser.

The plaintiff claimed that the fees charged by the defendant in serving the warrant were in excess of the legal fees, and asked the court to charge the jury that the defendant was liable for keeping the plaintiff in jail until he paid the fees charged.

It was not claimed by the plaintiff, nor did he offer any evidence to show, that he made any tender of the tax or of the amount he claimed to be the legal fees before he finally paid the tax and fees charged.

The court instructed the jury that if the fees charged by the defendant were in excess of the legal fees, that would not make him a trespasser and liable in this action, unless they should find that the officer made these fees excessive in bad faith and for the purpose of keeping the plaintiff in jail.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial for errors in the rulings and charge of the court.

*D. Chadwick*, in support of the motion.

*W. F. Willcox*, contra.

Wilcox v. Gladwin.

BEARDSLEY, J. The first question in this case is as to the sufficiency of the warrant upon which the defendant relies as justifying the alleged imprisonment of the plaintiff. The plaintiff claims that it is void upon its face, by reason of the omission in it of any precept to levy upon real estate, first, because in this respect it departs from the form given by statute (Gen. Statutes, p. 165, sec. 21,); and second, because by reason of such omission the defendant in this case was deprived of the election which he might otherwise have exercised to levy upon the real estate instead of the body of the plaintiff. We do not think that this objection to the warrant should prevail upon either ground.

It is well settled that the forms for proceeding given by statute need not be strictly pursued except in certain cases where the nature of the subject to which they relate requires a strict adherance to them, and in these cases the language of the statute prescribing the form is imperative. *Persse* v. *Watrous*, 30 Conn., 139. Here the language of the statute giving the form is clearly permissive,—" warrants for the collection of taxes *may* be in the following form,"—and there is no reason growing out of the nature of the proceeding why it should be copied.

Nor was the warrant defective in substance on account of the omission referred to. It still commanded the collector to do what the law would have justified him in doing if it had contained the alternative direction to take the body or real estate. In obedience to its mandate the defendant could violate no legal right of the plaintiff, because the plaintiff had no election as to the mode of levy. The defendant had such election, and if in the exercise of it he had decided to take real estate instead of the body, it would have been necessary for him to procure another warrant giving him the requisite authority.

Nor did the court err in declining to charge the jury as requested by the plaintiff, " that it was the duty of the defendant to have endorsed on the copy of his warrant left with the jailer the amount of the tax and his legal charges for serving the warrant."

The only statutory direction in respect to the details of the service of tax warrants, is that tax collectors are to proceed in the same manner as officers in the levy of executions. Upon the levy of an execution upon the body the officer is only required to leave with the jailer a true and attested copy of the execution. The amount of the judgment would necessarily appear upon the face of the execution. In this case the amount of the tax appears upon the "annexed list" referred to in the return of the officer, and which was presumably attached to the warrant, especially as no objection was made to the warrant in the court below for the want of such annexation. The statute nowhere requires that the officer shall endorse upon the copy left with the jailer the amount of his fees.

The remaining question in the case is as to the correctness of the charge of the judge responsive to the claim of the plaintiff that the fees charged by the defendant for serving the warrant were excessive and his request for a charge that the defendant was liable for keeping the plaintiff in jail until he paid such fees.

The plaintiff having proved his imprisonment as alleged, was entitled to a verdict, unless the defendant proved a legal justification for such imprisonment. For the purpose of making such proof the defendant introduced in evidence his tax-warrant with his endorsement of fees upon it, coupled with evidence that upon the service of the warrant upon the plaintiff he had made such endorsement of fees upon it, and returned it to the magistrate who issued it. The plaintiff claimed that the fees so endorsed upon the warrant were excessive, and asked the court to charge the jury that the defendant was liable for keeping the plaintiff in jail until he paid such fees. The court charged the jury that if the fees charged by the defendant were excessive, that would not make him a trespasser and liable in this action, unless they should find that the defendant made those fees excessive in bad faith and for the purpose of keeping the plaintiff in jail. We are of opinion that this charge was erroneous.

The only condition upon which the defendant was justified in imprisoning the plaintiff, was his delinquency in the payment of the tax assessed against him and the legal fees of the collector; and the only object of such imprisonment recognized by law, was to coerce payment of the amount thus made up.  If the plaintiff was unable to pay this amount he was entitled to be discharged upon taking the oath provided by law.  The official endorsement made by the defendant upon the tax-warrant was in the nature of a declaration of the cause of the plaintiff's imprisonment. He thereby, in effect, certified that he had imprisoned the plaintiff by reason of his non-payment of an amount of which the fees so endorsed formed an integral part, and to coerce the payment of such amount.

If such fees so claimed by the defendant were excessive and therefore illegal, might not the plaintiff properly claim that the defendant had abused the authority given him by the warrant, by imprisoning him for the non-payment of money which he had no right to demand.  Such in substance we understand to have been the claim of the plaintiff, though in his request for instructions to the jury he uses the language, "for keeping the plaintiff in jail until he paid such fees."  But if the original imprisonment was illegal every continuation of it was a new trespass for which the defendant was liable.  *Leland* v. *Marsh*, 16 Mass., 389; *Lambert* v. *Hodgson*, 1 Bing., 317.

By the charge of the court the jury were precluded from all but a single inquiry, and were required to find a verdict for the defendant, although the defendant's charges may have been grossly excessive, made with mercenary and corrupt motives, and the plaintiff may have been imprisoned by him to enforce this payment, unless they were also made "in bad faith and for the purpose of keeping the plaintiff in jail," presumably by so swelling the sum which he was to pay for his release as to place it beyond his power to effect it.  We think that the charge of the court upon this part of the case should have been such as to authorize the jury to render a verdict for the plaintiff if they found that the

fees charged by the defendant were illegal and that the plaintiff was imprisoned by him to compel the payment of an amount of which such illegal fees formed a part.

A new trial is advised.

In this opinion the other judges concurred.