JOHN C. VANNATTA *et al.*

*v.*

FRANK LINDLEY *et al.*

*Opinion filed June 19, 1902—Rehearing denied October 10, 1902.*

1. EQUITY—*equity has no jurisdiction to entertain bill to cancel forged note.* Equity will not take jurisdiction to cancel an alleged forged note or one the execution of which was obtained by fraud, since such facts would constitute an adequate defense in an action at law, although it contains a power of attorney to confess judgment.

2. SAME—*mere convenience of remedy does not justify resort to equity.* The mere fact that it may be more convenient to maintain an action or make a defense in equity than at law does not justify a resort to the former jurisdiction, if the remedy at law is adequate.

3. PRACTICE—*when decree dismissing a bill should make no finding of facts.* A decree dismissing, for want of jurisdiction, a bill to cancel an alleged forged note, should make no finding of facts which might prejudice the case if a suit at law should be brought.

CARTWRIGHT and BOGGS, JJ., dissenting.

*Vannatta* v. *Lindley,* 98 Ill. App. 327, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. H. M. TRIMBLE, Judge, presiding.

BREWER & STRAWN, and BUTTERS & CARR, for appellants.

H. M. STEELY, J. W. CREEKMUR, and McDOUGALL & CHAPMAN, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a bill in equity by appellants, against appellees, to have a promissory note, and power of attorney to confess judgment thereon, decreed null and void and delivered up to be canceled; also to enjoin appellees from entering judgment thereon. Answer was filed denying the allegations of the bill, denying that complainants are without adequate remedy at law, and asking that the same advantage be given the defendants on their answer as they would be entitled to upon a demurrer to the bill. Replication being filed, the cause was referred to the master to report the evidence, with his conclusions. He found the facts substantially as alleged in the bill,—that is, that the note therein described was a forgery and that its execution was obtained by fraud and circumvention. The court sustained objections to so much of his report as found the note to be a forgery, but sustained the finding that its execution was obtained through fraud by the payee. It found, however, that the complainants had a complete and adequate remedy at law and dismissed the bill for want of equity. On appeal to the Appellate Court for the Second District that decree was affirmed, and the present appeal taken.

In the Appellate Court the appellees assigned cross-errors on the finding of the circuit court, recited in its decree, that the execution of the note was procured by

fraud and circumvention, which cross-errors were sustained and the cause remanded, with directions to the circuit court to enter a decree dismissing the bill for want of jurisdiction without further recital as to the execution of the note.

The principal question involved in the case is whether the complainants had a complete remedy at law, on the theory of their bill that the note was a forgery or that its execution was obtained by fraud and circumvention. It is well understood that a forged note is by the common law absolutely void, even in the hands of an innocent purchaser for value, unless it has in some way been ratified by the payor named in it, and our statute provides "that if any fraud or circumvention be used in obtaining the making or executing of any of the instruments aforesaid, [that is, negotiable instruments,] such fraud or circumvention may be pleaded in bar to any action to be brought on any such instrument so obtained, whether such action be brought by the party committing such fraud or circumvention, or any assignee of such instrument." (Hurd's Stat. 1899, chap. 98, sec. 10.) The defense, therefore, against a forged promissory note, or one the execution of which has been obtained through fraud or circumvention by the payee, is complete and adequate in an action at law. (*Ehrler* v. *Braun,* 120 Ill. 503; *Easter* v. *Minard,* 26 id. 494; *Richardson* v. *Schirtz,* 59 id. 313; *Sims* v. *Bice,* 67 id. 88.) That equity will not in such a case take jurisdiction for the purpose of ordering the surrender or cancellation of a note is also held in *Black* v. *Miller,* 173 Ill. 489. We have examined the authorities cited by counsel for appellants as sustaining a contrary doctrine and find them not here in point.

Counsel for appellants seek to distinguish this case from the general rule because there was attached to this instrument a power of attorney authorizing the confession of a judgment in any court of record, in term time or vacation. They say: "The holder of the note was

threatening to bring suit in a foreign jurisdiction to make complainants additional expense and to use all legitimate means of collecting the note, which, of course, included a dismissal of the case whenever a defense had been made, and again entering judgment in some other foreign jurisdiction, and so continuing to harass the complainants until in desperation they should pay the note." The facts found by the master in this case do not warrant the assumption. There is nothing whatever, either in the bill or the proofs, to the effect that the holder of the note intended to dismiss any suit brought upon it if resisted, or otherwise harass the appellants. That he had a right to use all legitimate means to collect it cannot be and is not denied. The mere fact that it may be more convenient for parties to maintain an action or make a defense in equity than at law will not justify a resort to the former jurisdiction if the remedy is complete and adequate in the latter. By their answer the defendants below properly raised the question of jurisdiction on the ground that there was a full and complete remedy at law, and we entertain no doubt that the circuit court properly held that it was without jurisdiction. We are also inclined to agree with the Appellate Court in its conclusion that it was improper for the circuit court to incorporate in its decree a finding of facts which might have the effect of prejudging the case if a suit should be brought upon the note in a court of law, and that the direction to dismiss the bill without any recitation as to its finding of facts as to the execution of the note was proper.

The judgment of the Appellate Court will accordingly be affirmed. *Judgment affirmed.*

CARTWRIGHT and BOGGS, JJ., dissenting.