T. T. SMITH, Administrator, etc., Respondent, v.
MARY E. CALDWELL et al., Appellants.

**Kansas City Court of Appeals, December 1, 1902.**

1. **Principal and Surety:** APPEAL BOND: JUDGMENT IN REM:
PROSECUTE WITH EFFECT. Where an appeal or writ of error
from a judgment or decree *in rem*, without personal judgment over,
has been affirmed, a bond conditioned to prosecute such appeal or
writ of error with effect does not bind the obligors to pay the judg-
ment or any part thereof.

2. **Appellate Practice:** ESTOPPEL: RECITATION IN BOND. The
appellate court will not consider an estoppel claimed to arise out of
a recitation in the bond where no point to that effect is made at the
trial.

Appeal from Callaway Circuit Court.—*Hon. John A.
Hockaday,* Judge.

REVERSED.

*W. S. Pope* for appellant.

The bond in this case seems to have been framed
under section 2287, Revised Statutes 1889. Sec. 849,
R. S. 1899. It is a bond with different conditions to
that required in ordinary appeal by section 809, Re-
vised Statutes 1899. The bond here sued on did not
bind appellant to perform the judgment rendered in
the circuit court of Callaway county. It only required
him to pay the money that shall be adjudged against
the defendants in the Supreme Court, and otherwise
abide the judgment. Appellant has the right to stand
on the exact letter of his bond. Schuster v. Weiss, 114
Mo. 166-7, and cases there cited; Bauer v. Cabanne,
105 Mo. 110; Sosman v. Conklin, 65 Mo. App. 319;
Brandt on Suretyship and Guaranty, secs. 93-452; Bay-

liss on Sureties and Guarantors, p. 174; Hunt v. Hopkins, 83 Mo. 13; Kephart v. Bank, 4 Mich. 602; Kennedy v. Nims, 52 Mich. 153; Kountze v. Hotel Co., 107 U. S. 378, and cases cited.

*N. D. Thurmond* for respondent.

(1) Appellant contends that this bond here sued on did not bind appellant to perform the judgment rendered in the circuit court. Respondent contends that this bond did bind the appellant to perform said judgment. I take no issue with appellant on the authorities cited by his brief. These authorities do not apply to this bond and, hence, it is not necessary to review them. (2) Can the defendant reap the benefits that accrued to her by reason of giving the bond and her surety not be liable for the damages that accrued to the plaintiff from the same cause?

ELLISON, J.—Plaintiff obtained a special decree against defendants Caldwell in the Callaway Circuit Court in August, 1897, wherein it was adjudged that there was due plaintiff on account of the balance of purchase price of certain real estate therein described, the sum of $2,551.48, and wherein it was decreed that said defendants have until the second Monday in November, 1897, to pay the same with interest at eight per cent; and in default of payment the said lands were to be sold under a special *fieri facias* and the plaintiff to pay the costs. There was no personal judgment against defendants. Afterwards defendants sued a writ of error out of the Supreme Court and in order to obtain a supersedeas executed the following bond signed by defendant Lohman as surety, to-wit:

　"Know all men by these presents, that we, Mary E. Caldwell and Joseph E. Caldwell as principals, and S. W. Keck and Louis C. Lohman as securities, are held and firmly bound unto Benjamin F. Elley in the sum of one thousand dollars for payment of which we bind our-

selves, our heirs, executors and administrators; but to be void upon the condition that the defendants, Mary E. Caldwell, Joseph Caldwell, Benjamin Caldwell and Kittie Caldwell, defendants, in a certain suit instituted and prosecuted against them in the circuit court of Callaway county, Missouri, by Benjamin F. Elley, plaintiff, and in which said suit, judgment was rendered in said court in favor of the plaintiff and against defendants, at the August term, 1897, thereof for the sum of $2,551.48, without cost and the same declared a balance due on the purchase money (for defendants' land) will prosecute a writ of error by them sued out of the Supreme Court of the State of Missouri on the seventh day of December, 1897, in said cause, with effect and pay the money that shall therein be adjudged against them by the Supreme Court, or otherwise abide the judgment of said court therein. Witness our hands and seals this seventh day of December, 1897.''

The Supreme Court affirmed the judgment of the trial court. Whereupon a special *fieri facias* was issued to the sheriff and the lands sold as decreed. The amount received at such sale lacked $250 of paying the principal amount due under the decree, as well as the interest. Thereupon the plaintiff brought this action against defendants on the bond aforesaid and recovered judgment in the trial court. The surety has appealed.

It will be noted that the bond recites that a judgment had been recovered against defendants Caldwell for $2,551.48, when in fact there had not been. There was no personal judgment against them. The decree was special against the land and ordered it to be sold for satisfaction of the amount, with no judgment over against defendants. The bond was conditioned that defendants would prosecute the writ of error ''with effect'' and ''pay all sums of money that shall be therein adjudged against them by the Supreme Court.'' The Supreme Court merely affirmed the judgment and did not specially adjudge the payment of any sum of money. So, therefore, the breach of the bond con-

sists in failing to prosecute the writ of error "with effect." That clause of the bond means that if defendants failed to reverse the judgment, they would pay whatever the judgment appealed from adjudged that they should pay. Campbell v. Harrington, 93 Mo. App. 315.

But in this case, as we have seen, there was no judgment rendered against them. The only judgment rendered was a special one against the land only. Therefore, defendants in failing to pay the balance which the land failed to bring on the sale aforesaid, did not commit a breach of the bond. Our holding then is this: Where an appeal or writ of error from a judgment or decree *in rem,* without personal judgment over, has been affirmed, a bond conditioned to prosecute such appeal or writ, with effect, does not bind the obligors to pay the judgment or any part thereof.

We have not considered what the effect of the false recital in the bond, that a judgment had been rendered against defendants, would be, and whether defendants are estopped by such recital. This, for the reason that no point was made on that head at the trial, and plaintiff himself introduced the judgment as a part of his case.

The judgment must therefore be reversed. All concur.