MARTIN LAWLOR *vs.* CHARLES H. MERRITT ET ALS.

Third Judicial District, New Haven, January Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The condition of a bond given upon the issuance of a temporary injunction, viz, to answer all damages in case the plaintiff fails "to prosecute the action to effect," is not satisfied by a judgment for the plaintiff which is afterward set aside on appeal; in order to fulfil this condition the plaintiff must obtain a final decision that he was entitled to the injunction, or some order equivalent to such decision.

In a suit by the obligor to secure the cancellation of such a bond, the material question is whether there has been a breach of the condition; and if a breach is proved and some damage found, the trial court may well refuse to cancel the instrument, and leave the parties to determine the amount of such damages in an action at law.

The facts in the present case reviewed and the conclusion of the trial
court, that the defendants had suffered some damage by reason of
their compliance with the injunction, upheld.

Under an allegation that no damage resulted to the defendants from
obeying the injunction order, it devolves upon the obligor, who
seeks the cancellation of the bond, to prove the truth of that
averment.

A court of equity will not decree the cancellation of a written instru-
ment when the party seeking such remedy has, upon his own
theory of the controversy, a good defense at law to a purely legal
demand based thereon.

Nor will a cancellation be decreed when it appears that the real purpose
of the suit is to prevent a resort by the obligees on the bond to
the courts of another State to obtain therein an adjudication of
the rights of the parties, unless it is shown that the rights of the
obligor will be unfavorably affected by a trial in such jurisdiction.

Argued January 19th—decided March 4th, 1909.

SUIT to secure the cancellation of a bond given by the
plaintiff upon the issue of a temporary injunction, brought
to and tried by the Superior Court in Fairfield County,
*Ralph Wheeler, J.;* facts found and judgment rendered for
the defendants, and appeal by the plaintiff. *No error.*

*John K. Beach* and *Howard W. Taylor,* for the appellant
(plaintiff).

*Granville Whittlesey,* and *Walter Gordon Merritt* of New
York, with whom was *William A. Redden,* for the appellees
(defendants).

RORABACK, J. The substantial allegations of the com-
plaint are as follows: 1. On or about July 5th, 1904, the
plaintiff, on behalf of an unincorporated association known
as the United Hatters of North America, brought suit in the
Superior Court in Fairfield County, against the defendants,
to restrain them from the use of certain imitations of the
registered label of said United Hatters. On or about
July 11th, 1904, after a hearing at which both parties were
represented and introduced evidence, it was ordered by the

*Honorable George W. Wheeler,* a judge of the Superior Court, that upon the plaintiff's giving a bond in the sum of $5,000, within two weeks from the date of the order, in accordance with General Statutes, § 1004, a preliminary injunction be issued, pursuant to the prayer and complaint in that action. 2. That in conformity with that order the plaintiff, as principal, and the American Surety Company of New York, as surety, executed a bond with the following condition: "Now, therefore, if the said Martin Lawlor shall well and truly pay and account for all damages in case the plaintiff in said cause shall fail to prosecute said action to effect, then this obligation to be null and void, otherwise to remain in full force and virtue." The same was duly approved by said judge and filed with the clerk of the Superior Court in Fairfield County. 3. That, thereafter, the plaintiff prosecuted his action to effect, as fully appears from the file in the cause, and final judgment was entered that the defendants recover of the plaintiff their costs taxed at $387.61, which costs have been duly paid by the plaintiff. 4. That the defendants suffered no damage by reason of the issuance of the order of temporary injunction. 5. That the plaintiff, as collateral security for the execution of the bond by the American Surety Company, deposited with the Surety Company, at the time the bond was executed, a certified check for $5,000. 6. Although the condition of the bond had been fulfilled, the defendants, for the purpose of preventing the plaintiff from recovering this money from the American Surety Company, brought an action in the Supreme Court of New York, on June 11th, 1907, against the plaintiff and the American Surety Company, to recover alleged damages for a pretended breach of the condition of the bond, whereby the plaintiff is hindered and prevented from recovering back the collateral deposited with said American Surety Company. 7. That the bond was in the custody and under the control of this court, and all questions relating to the construction and performance

thereof are peculiarly within the jurisdiction of this court, and can be determined herein more speedily and conveniently than in the courts of New York State.

The plaintiff claimed (1) $1,000 damages and (2) an order that the bond be delivered up to the plaintiff for cancellation.

The trial court found that these allegations were true, with the following exceptions: in paragraph 3, the allegation that the plaintiff prosecuted to effect the action in which the temporary injunction was granted; so much of paragraph 6 as alleges that the New York action was brought for the purpose of preventing the plaintiff from recovering back the $5,000 from the American Surety Company; and the allegation that the defendant suffered no damage by complying with the order of temporary injunction. The court also found that some legal damage resulted from obedience to the temporary injunction.

The reasons of appeal, though fifteen in number, involve but three propositions: That the court erred (1) in holding that the condition of the injunction bond had not been fulfilled; (2) in holding that the defendants had suffered recoverable damages in consequence of the injunction order; and (3) in holding that upon the facts found the injunction bond should not be canceled.

The first question presented is the construction of the bond required and given under the provisions of § 1004 of the General Statutes, reading as follows: "No temporary injunction shall issue in any case, except in favor of the state or of a public officer thereof in respect to any matter of a public nature, until the party making application therefor shall give bond, with surety satisfactory to the court or judge granting the injunction, to the opposite party, to answer all damages in case the plaintiff in the action in which the injunction is applied for shall fail to prosecute the action to effect; *provided* that a bond need not be required when, for good cause shown, the court or

judge shall be of opinion that a temporary injunction ought to issue without bond."

Construed in the light of the circumstances which require that protection should be given to the defendants, the fair interpretation of the words "prosecute . . . to effect" must be that the plaintiff was to obtain a final decision that he was entitled to the injunction, or some order equivalent to such a decision. Otherwise this requirement would be senseless and of no effect. *Perreau* v. *Bevan*, 5 Barn. & Cr. 284; *Legate* v. *Marr*, 8 Blackf. (Ind.) 404; *Gibbs* v. *Bartlett*, 2 Watts & Serg. (Pa.) 29, 33; *Berghoff* v. *Heckwolf*, 26 Mo. 511; *Kathaus* v. *Owings*, 6 Har. & John. (Md.) 134, 138; *Boom* v. *St. Paul Foundry & Mfg. Co.*, 33 Minn. 253, 22 N. W. 538; *Trent* v. *Rhomberg*, 66 Tex. 249, 18 S. W. 510; *Smith* v. *Caldwell*, 96 Mo. App. 632, 70 S. W. 926.

The record discloses that after the bond in question had been executed, the plaintiff tried his action in the Superior Court, where a judgment was rendered in his favor. Upon appeal this court found error, and remanded the cause to the Superior Court, which ultimately rendered judgment for the defendants, with costs.

The right to a temporary injunction depended upon the same facts as the relief sought in the action in which this injunction was issued. The plaintiff's contention, that the judgment by the Superior Court, vacated by the decision of the appeal, was a prosecution to effect within the meaning of the statute, calls for the application of that principle of law that when a judgment is set aside it is entirely destroyed, and the rights of the parties, as to the issues tried, are left as if no such judgment had ever been entered. *Brennan* v. *Berlin Iron Bridge Co.*, 73 Conn. 412, 415, 47 Atl. 668; *Olson* v. *Nunnally*, 47 Kan. 391, 28 Pac. 149, 27 Amer. St. Rep. 296; 2 Black on Judg. (2d Ed.) § 511. There was no final determination upon the merits of the action as to the right of the plaintiff to the injunction order

at the time it was made. The liability of the obligors of the injunction bond was not affected by a judgment set aside under the circumstances indicated. Prosecution to a judgment afterward vacated, is not prosecution to effect which is necessary to satisfy the condition of the bond.

The question of the measure of damages was not the controlling issue for the determination of the Superior Court. The material point was as to the breach of the condition of the injunction bond. The trial court properly found that some damages resulted from obedience to the injunction order.

The finding contains a statement of some subordinate facts which the plaintiff claims tend to disprove the conclusion of the court as to damages. We fail to find in these evidential facts anything inconsistent with the conclusion of the court. The judgment that there had been a breach of the condition of the injunction bond established the right of the defendants to damages, leaving the amount open to proof. *Williams* v. *Montgomery*, 148 N. Y. 519, 524, 43 N. E. 57.

The record discloses that it was conceded that at and after the issuance of the preliminary injunction, the defendants, Merritt & Son, had on hand at their factory in Danbury, Connecticut, a large number of hats containing the enjoined labels, placed therein prior to the issuance of the injunction, and because of the injunction the defendants went to considerable expense in the removal of the labels from such hats, and in doing work on the hats, which work was rendered necessary by the removal of these labels. All of such hats were manufactured upon orders from customers outside of the State of Connecticut and none were intended for sale in this State. The label of the United Hatters of North America was at that time registered in about thirty States. That some damages were sustained is a fair inference from these concessions.

The absence of a finding upon the part of the trial court

Lawlor v. Merritt.

that Merritt & Son would have continued to sell hats bearing these labels if it had not been for the injunction, has no important significance.

There were elements of damages that the court below may have properly considered, other than the loss from the sale of hats. Under the issues raised by the pleadings it was for the plaintiff to show that the defendants had suffered no damage, and not for the defendants to demonstrate that they had suffered loss by obeying the injunction order.

The real purpose of this action is to prevent a resort to the courts of the State of New York to obtain an adjudication as to the rights of the parties.

A court of equity will not decree the cancellation of a written instrument when a party, if his theory of the controversy is correct, has a good defense at law to a purely legal demand. He should be left to that means of defense, and he has no occasion to resort to a court of equity for relief unless he is prepared to allege and prove some special circumstances to show that he may suffer irreparable injury if he is denied that preventive remedy. *Buzard* v. *Houston*, 119 U. S. 347, 7 Sup. Ct. Rep. 249; *Lewis* v. *Tobias*, 10 Cal. 574, 575; *Vannatta* v. *Lindley*, 198 Ill. 40, 64 N. E. 735; *Farmington Village Corp.* v. *Sandy River Nat. Bank*, 85 Me. 46, 26 Atl. 965; *Globe Mut. Life Ins. Co.* v. *Reals*, 79 N. Y. 202.

It is urged by the plaintiff that under the New York code, injunction bonds required in that State are conditioned to pay damages "in case the court finally decides that the plaintiff was not entitled thereto." On the other hand, the Connecticut statute requires the plaintiff to answer in damages only "in case the plaintiff in the action in which the injunction is applied for shall fail to prosecute the action to effect." The insufficiency of this claim is involved in what we have already said upon this subject.

The plaintiff's claim that this controversy can be more

speedily determined in the courts of Connecticut than in the courts of New York State, is fairly met by the conceded fact that Lawlor and the Surety Company are both within the jurisdiction of the New York court. No facts are alleged and proven showing that the rights of the plaintiff will be unfavorably affected by the trial of this action in the courts of New York.

There is no error.

In this opinion the other judges concurred.