### GEORGE J. ROOD
*vs.*
### FLORENCE ROOD

Court of Common Pleas    Windham County    File No. 273

MEMORANDUM FILED APRIL 16, 1945.

*Virtume P. A. Quinn,* of Norwich, for the Plaintiff.

*John B. Harvey,* of Willimantic, for the Defendant.

FITZGERALD, J.    By writ dated September 27, 1944, and returned to court on the first Tuesday of November, 1944,

plaintiff brought the within action which is in the nature of a bill in equity seeking a decree cancelling a mortgage note dated August 11, 1928, together with an order directing defendant to execute a release of a mortgage deed on property situated in the Town of Windham given to secure the aforesaid note.

There is no question but that plaintiff borrowed of defendant (the wife of his brother Horace) the sum of $2,000 on August 11, 1928, and gave his promissory note for said sum on that date payable in one year with interest at 6% per annum. So also there is no question but that plaintiff to secure said note mortgaged to defendant certain land described in defendant's Exhibit 1 in this case and in paragraph 2 of case No. 277* in which defendant herein as plaintiff is seeking to foreclose upon the mortgage described.

As a basis for the within action plaintiff claims that payments he has made to defendant subsequent to August 11, 1928, plus credit to him in the agreed amount of $1,250 for sale of cows by him to defendant's husband, plus credit for some 350 hours of labor at $1.00 an hour performed by him upon the premises where defendant resides with her husband, children and a brother-in-law, with her knowledge, consent and request, plus tender to defendant of $100 (which she refused on grounds of inadequacy) prior to instituting the within action, more than reimburse defendant for her initial loan to him of $2,000 on August 11, 1928, and interest thereon.

The court finds this factual claim to be reasonably supported by the evidence, and therefore resolved in plaintiff's favor. A discussion of the subordinate facts accepted by the court on this aspect is neither required in this writing nor would serve any useful purpose. It is sufficient to say that the court has applied the usual test of credibility as a guide in the specific finding and conclusion stated.

Whether or not plaintiff is entitled to the kind of decree prayed for is the next problem. See *Lawlor vs. Merritt,* 81 Conn. 715, 721. Under the circumstances herein disclosed defendant, as holder of the unreleased mortgage and possessor of the note, could at least resort to and harass plaintiff with

* See *post,* p. 321

two kinds of frontal attacks—an action on the note or a fore-closure suit. See, for example, *New Haven Savings Bank vs. Warner*, 128 Conn. 662, 666; and *Cion vs. Schupack*, 102 *id.* 644, 648.

As a matter of fact defendant actually instituted a fore-closure action subsequent to the commencement of the case at bar. Both cases by agreement of counsel were tried together and the sole issue in the later case is whether the debt of George J. Rood is, at the most, $100 as he claims or several hundred dollars as Florence Rood claims.

In view of the entire situation disclosed by the evidence the court concludes that plaintiff herein is entitled to the kind of decree prayed for. Equity is bound to honor a claim that is based upon convincing proof that to deny relief will result in injustice to him who seeks assistance in good faith. In short, to deny plaintiff a decree will result in benefits to defendant in the nature of costs in this action and in the foreclosure action which she instituted during the pendency of the case at bar.

Plaintiff's counsel, as a condition precedent to the entering of a decree, is directed to mail on or before April 30, 1945, a certified check in the amount of $100 to defendant's counsel, but payable to defendant personally, and to notify the clerk of the date when the check is deposited in the mail. The clerk, upon notification by plaintiff's counsel of the mailing date of the check, will then enter a decree as of the day immediately following (unless it be a Sunday, then on Monday), as now directed: the cancellation of the note of August 11, 1928, and all incidents thereto; and, as a part of said decree, an order and direction therein contained that defendant execute a release of the mortgage dated August 11, 1928, and recorded in volume 104 on page 421 of the land records of the Town of Windham, within ten days from the entering of the decree on penalty of being held in contempt of court for failure to comply.