THE ROSEN FILM DELIVERY SYSTEM, INC. *v.*
SALVATORE SARACENO ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 8—decided October 30, 1947

*Frank A. Francis,* for the appellants (defendants).

*Sherman Rosenberg,* with whom was *Herman M. Levy,* for the appellee (plaintiff).

JENNINGS, J. The question to be determined is whether the defendant in replevin, though he did not file any pleading or make any contest, can recover in a suit upon the bond for breach of the bond's condition that the plaintiff will prosecute the replevin suit to effect, when the replevin suit is discontinued on the call of the docket.

The finding may be summarized as follows: On October 10, 1942, the plaintiff brought suit against the Astor Theatre Company and attached certain goods as belonging to the latter. This suit resulted in a judgment for the plaintiff on June 28, 1946, for $720. The attached property was replevied from the plaintiff on October 29, 1942, by the S. A. & S. Company, which gave a $1500 bond in the statutory form to the Rosen company and the other defendants in the replevin action conditioned that it would "prosecute its suit to effect." All defendants appeared in the replevin suit but took no further action; the suit was discontinued by the court on May 11, 1945; and the plaintiff therein made no effort to have it restored to the docket. This was a final judgment terminating the right of the parties to proceed with the action. *Glazer* v. *Rosoff,* 120 Conn. 120, 122, 179 A. 407. The trial court concluded that the S. A. & S. Company did not prosecute the replevin suit to effect and that the plaintiff could sue on the replevin bond without proving judgment in its favor in the replevin suit either for the return of the goods or for damages. Judgment was for the plaintiff.

The appeal is based on the action of the trial court in overruling a demurrer and numerous claims of

law made by the defendants. Analyzed, these claims do not seriously dispute the fact that the discontinuance of the action was a breach of the condition of the bond that the replevin action should be prosecuted to effect. *Persse* v. *Watrous*, 30 Conn. 139, 148; *Fielding* v. *Silverstein*, 70 Conn. 605, 608, 40 A. 454; Cobbey, Replevin (2d Ed.) p. 708 et seq. The proposition underlying them is that a defendant in replevin has no right of action on the bond unless it has asserted its rights in the replevin action itself. The rule is otherwise.

*Gould* v. *Hayes*, 71 Conn. 86, 40 A. 930, was a suit on a replevin bond. It differed from the case at bar in that the defendant in replevin, plaintiff in the suit on the bond, contested the issue in the replevin suit and secured a return of the goods. He did not, however, claim damages for their detention nor did he receive any. Under those circumstances, the court held (p. 94) that the language of the bond "is broad enough to include such damages as the plaintiff now claims, and there is nothing in these statutes which indicates that a defendant in such case who has suffered damages may not as well recover them in a suit on the bond as in the replevin suit. . . . A defendant who has a counterclaim is not compelled to set it up in the suit which is brought against him. He may do so if he desires, or he may bring an independent suit on it." It is clear that the point was carefully considered in the case, for two judges dissented "upon the ground that the plaintiff should have claimed and recovered his damages when defendant in the replevin suit."

That case established the law in accordance with the plaintiff's contentions and has since been affirmed. *Quinnipiac Brewing Co.* v. *Hackbarth*, 74 Conn. 392, 396, 50 A. 1023; *Adams* v. *Wright*, 74

Conn. 551, 553, 51 A. 537. See also *Bradley* v. *Reynolds*, 61 Conn. 271, 23 A. 928, a suit on a replevin bond, where (p. 286) the court said: "The plaintiff is to be placed, so far as money recovered as damages can do so, in the position he would have occupied if the property had not been replevied." Note, 85 A. L. R. 682.

The defendants cite two Connecticut cases in support of their contention that the defendant in replevin must make his claim in the replevin action in order to prevail in a suit on the bond. *Ladd* v. *Prentice*, 14 Conn. 109, was a case reserved for advice on facts admitted or found. It was held that, since the plaintiff in the suit on the bond could by no possibility have recovered a judgment in the replevin action for the return of the goods, no damages should be awarded to him. See *Persse* v. *Watrous*, supra, 146. The last case cited supports the plaintiff's position rather than that of the defendants. In that case the replevin writ was never returned to court and the plaintiff in replevin claimed that he had prosecuted to effect because (p. 145) "no adverse result and no judgment of return was had against him." The court said of this claim: "This seems very much like claiming to prosecute to effect by not prosecuting at all. . . . strictly the defendant does not become an actor until he makes avowry, which is in the nature of a declaration. Until then the entire responsibility of prosecuting is on the plaintiff." In the case at bar, the replevin writ was returned to court but was discontinued before the defendants in the suit became "actors" under this definition. The plaintiff in the replevin suit failed to prosecute it to effect.

The other claims advanced by the defendants, whether based on statutes or cases, relate to the

course of action to be pursued in a replevin action rather than in a suit on the bond. The rulings on evidence assigned as error are not pursued on the brief, and the question raised by the overruling of the demurrer is sufficiently answered by the foregoing general discussion.

There is no error.

In this opinion the other judges concurred.