[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARYJUDGMENT NO. 108
The plaintiff, Kenneth Koenig, filed a summons and complaint with the court on December 3, 1996. Named as defendants are Leshe and Joan Srager, and United States Fidelity and Guaranty Company (US Fidelity). The plaintiff alleges that the Sragers signed an appeal bond as principals, and US Fidelity executed the bond as surety.[1] The plaintiff further alleges that a final judgment was entered dismissing the Sragers' appeal, and that the Sragers failed to prosecute the appeal to effect.
The plaintiff filed a motion for summary judgment as to liability only on May 15, 1997. US Fidelity filed an objection memorandum on May 29, 1997. The plaintiffs filed a supplemental memorandum on June 17, 1997. The Sragers filed their objection memorandum on July 7, 1997.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . ." (Internal quotation marks omitted.) Id. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id., 805-06.
The plaintiff argues that the Sragers did not prosecute their appeal to effect in a manner that would satisfy the condition of the bond, because their appeal was dismissed without any determination on the merits. See Srager v. Koenig,42 Conn. App. 617, 681 A.2d 323 cert. denied 239 Conn. 935-36, 684 A.2d 709
(1996). The plaintiff relies on Lawlor v. Merritt, 81 Conn. 715,72 A. 143 (1909) in support of his argument that the defendants did not prosecute their appeal to effect because they failed to prevail on their appeal or receive a decision on the merits of their appeal. The plaintiff argues that there is no genuine issue as to whether the Sragers prosecuted their appeal to effect. CT Page 9302
US Fidelity argues that the Sragers' appeal was dismissed because of their counsel's failure to file a timely brief. Srager's counsel, however, subsequently attempted to have the Supreme Court review the order of dismissal, which constituted a showing that the Sragers did not abandon their appeal. US Fidelity argues that the Sragers' attempt to prosecute the appeal to effect was cut short without a determination on the merits due to their counsel's failure to follow various appellate rules of procedure. US Fidelity argues that since the plaintiff has already been awarded attorney's fees based on the actions of the Sragers' attorney, a recovery by the plaintiff on the bond would amount to a double recovery. US Fidelity also argues that whether the appeal was prosecuted to effect is a matter for the trier of fact, and should not be disposed of by summary judgment.
The plaintiff filed a response to US Fidelity's objection memorandum, arguing that the supporting affidavit of US Fidelity's attorney is insufficient because it contains statements of fact that could not have been made from the affiant's personal knowledge, and it contains a legal conclusion that the Sragers prosecuted their appeal to effect. The plaintiff also argues that the amount of legal fees recovered by the plaintiff from the Sragers did not fully compensate the plaintiff for costs incurred in defending the Sragers' appeal, although the plaintiff points out that summary judgment is sought only as to liability and not damages. Finally, the plaintiff argues that the supporting documentation supplied by US Fidelity does not place any material fact in issue.
The Sragers have submitted their own affidavits in support of the arguments advanced by US Fidelity. In addition they argue that it was not possible for them to receive a final decision on the merits of their case due to their attorney's misconduct.[2]
The Sragers adopt the argument of US Fidelity that a recovery by the plaintiff on the bond would amount to a double recovery.
In Lawlor v. Merritt, supra, 81 Conn. 715, the court determined that "the fair interpretation of the words `prosecute . . . to effect' must be that the plaintiff . . . obtain a final decision . . . ." Id., 719. The court reiterated this standard stating "a final determination upon the merits of the action . . ." is required. Id.
Here, the appellate court's published decision does not address the merits of the Sragers' lis pendens appeal, but rather CT Page 9303 deals with the appropriate sanctions to be levied on the Sragers' then-attorney. Therefore the order of the appellate court dismissing the Sragers' appeal precluded the Sragers from prosecuting their appeal to effect. It is undisputed by the parties that the Sragers did not receive a final decision on the merits during their appeal either to the appellate court or the supreme court.[3] Thus, the Sragers did not litigate the lis pendens claim, for which the bond was issued, and therefore, did not prosecute their appeal to effect. See also Connecticut StateEmployees Assn. v. AFSCME, 188 Conn. 196, 198, 448 A.2d 1341
(1982) (the wording contained in the statute requiring the complainant to prosecute the action to effect has been interpreted by our courts to mean that the plaintiff has to obtain a final decision that he was entitled to the injunction, or some order equivalent to such a decision); Rosen Film DeliverySystem, Inc. v. Saraceno, 134 Conn. 139, 142, 55 A.2d 866 (1947) (where a replevin writ was returned to court but discontinued before the defendants made a claim on the underlying replevin action, plaintiff failed to prosecute it to effect); Prete'sAppeal, 11 Conn. Sup. 448, 449 (1942) (appeal bond issued to prosecute to effect an appeal from the order of the probate court is not fulfilled by appealing order of the probate court accepting report of commissioners).
CONCLUSION
The court finds that the Sragers did not prosecute the subject appeal to effect, and therefore, summary judgment as to liability shall enter for the plaintiff.
SKOLNICK, J.