CONNECTICUT STATE EMPLOYEES ASSOCIATION *v.* AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, ET AL.

PETERS, HEALEY, ARMENTANO, SHEA and F. HENNESSY, Js.

Argued February 5—decision released August 24, 1982

*J. William Gagne, Jr.,* with whom, on the brief, was *David A. Swaine,* for the appellants (defendants Santaverne et al.)

*Robert J. Krzys,* with whom, on the brief, was *John W. Breen, Jr.,* for the appellee (plaintiff).

F. HENNESSY, J. The defendants, former staff representatives of the plaintiff Connecticut State Employees Association (CSEA) and present employees of the named defendant, the American Federation of State, County and Municipal Employees (AFSCME), have appealed to this court requesting a ruling as to the validity of a temporary injunction issued against and prohibiting them from participating in labor elections in which CSEA and AFSCME were opponents.

The elections were held on November 5, 1980, and the injunction was issued for the period from October 24, 1980, through November 5, 1980, at which time it ended. The issue is whether the expiration of the temporary injunction renders the defendants' appeal moot.

The plaintiffs claim that the defendants' appeal should be dismissed as moot. They argue that a determination as to the propriety of the issuance of the temporary injunction which has expired would be an academic exercise and a waste of judicial resources. The defendants contend that the propriety of the injunction continues to be a litigable

question because, if the injunction was improperly issued, they are entitled to damages under the bond which the plaintiffs were required to post as a condition of securing the temporary injunction. The defendants argue that if the court dismisses the appeal as moot their rights to damages under the bond will be jeopardized because they risk being met with a claim of res judicata in an action on the bond; hence a dismissal of the appeal violates their rights to due process.

Our statutes require that a bond be posted by the complainant as a condition precedent to the issuance of a temporary injunction.[1] The wording contained in the statute requiring the complainant to prosecute the action to effect has been interpreted by our courts to mean that "the plaintiff was to obtain a final decision that he was entitled to the injunction, or some order equivalent to such a decision." *Lawlor* v. *Merritt,* 81 Conn. 715, 719, 72 A. 143 (1909). The court has further concluded that in enacting § 7411, the predecessor statute to § 31-115, the state legislature intended "to require bonds from [a] plaintiff for the payment of damages to [a] defendant in case of a final decision adverse to the injunction," and "to provide for labor unions and their members the widest possible protection against erroneous and improvident injunctions." *United Construction Workers* v. *H. O. Canfield Co.,* 19 Conn. Sup. 450, 455–56, 116 A.2d 914 (1955); *Division 163* v. *Connecticut Co.,* 148 Conn.

[1] Section 31-115 of the General Statutes provides in pertinent part: "No temporary . . . injunction shall be issued except on condition that the complainant shall first file an undertaking, with surety satisfactory to the court granting the injunction, to answer all damages in case the plaintiff in the action in which the injunction is applied for fails to prosecute the action to effect."

563, 568, 173 A.2d 130 (1961). Section 31-115 is a portion of the state version of the federal anti-injunction act (Norris-LaGuardia); 29 U.S.C. § 101 et seq.; intended to protect labor from the abuse of unrestrained issuance of injunctions in industrial controversies. *Anaconda Co.* v. *United Automobile, Aerospace & Agricultural Implement Workers of America, AFL-CIO,* 34 Conn. Sup. 157, 159, 382 A.2d 544 (1977); *The William Schollhorn Co.* v. *Playthings, Jewelry & Novelty Workers International Union,* 14 Conn. Sup. 22, 24 (1946). The federal courts also support this view in protecting those against whom a temporary injunction is issued by requiring that there be an opportunity for a hearing on damages sustained. Even though the activities complained of which resulted in the issuance of the temporary injunction have ended, the interest of the complainant derives from the undertaking of the respondent in the injunction bond to indemnify the complainant in damages if the injunction was wrongfully issued. *Liner* v. *Jafco, Inc.,* 375 U.S. 301, 305–306, 84 S. Ct. 391, 11 L. Ed. 2d 347 (1964).

The activities of the defendants in connection with the election dispute have ended. The temporary injunction has expired. The basis for the temporary injunction no longer exists. " 'It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.' " *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union, AFL-CIO,* 177

Conn. 17, 19, 411 A.2d 1 (1979); see *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 250, 440 A.2d 310 (1982); *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944).

This controversy now ended does not become revitalized under the doctrine enunciated in *Sosna* v. *Iowa,* 419 U.S. 393, 397–403, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975), and iterated in *Weinstein* v. *Bradford,* 423 U.S. 147, 149, 96 S. Ct. 347, 46 L. Ed. 2d 350 (1975), wherein it was stated: "in the absence of a class action, the 'capable of repetition, yet evading review' doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."[2] *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union, AFL-CIO,* supra, 20–21; *Liistro* v. *Robinson,* 170 Conn. 116, 121, 365 A.2d 109 (1976). The present case, which is not a class action, fails to satisfy the second element. The facts fail to demonstrate the existence of a reasonable expectation that these defendants will again be subjected to the action

---

[2] The facts in this case are unusual in that field representatives employed by the plaintiff are alleged to have violated a noncompetition clause by leaving the plaintiff association and joining the named defendant association during an election period when both associations were competing to represent a group of state employees. The injunction prohibited the field representatives from participating in the election compaign during the last two weeks of a campaign which had been in progress for months. The alleged violations of the noncompetition clause and a permanent injunction to prohibit the defendants from being employed by the named defendant are the subject matter of the case in chief which has not yet been heard by the courts.

complained of here; consequently, the unlikelihood of a future similar circumstance and subsequent related court action is apparent.

An opportunity for a hearing in connection with this appeal is available to the defendants if it can be shown that there is an actual controversy or if there are present recurring issues. A suit on the bond, if instituted, would present to the court in its review of the validity of the issuance of the temporary injunction a justiciable controversy from which practical relief could follow. *Waterbury Hospital* v. *Connecticut Health Care Associates,* supra.

The issue presently before the court does not present it with the necessary controversy or recurring issues which would allow it to grant practical relief.

The appeal is dismissed.

In this opinion the other judges concurred.