STATE OF CONNECTICUT *v.* JULIA S. MACRI
(10794)

PETERS, SHEA, GRILLO, DUPONT and F. HENNESSY, JS.

Argued February 8—decision released March 22, 1983

*George R. Macri,* pro se, guardian ad litem of Julia S. Macri, appellant (defendant).

*John H. Malone,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant was committed by the court to the commissioner of mental health for a period not to exceed eighteen months in accordance with the provisions of § 54-40 (now § 54-56d) of the General Statutes.[1] She has appealed from this order.

The eighteen month commitment has ended. It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. *Connecticut State Employees Assn.* v. *AFSCME,* 188 Conn. 196, 199, 448 A.2d 1341 (1982); *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 440 A.2d 310 (1982).

The appeal is dismissed.

---

[1] The defendant was arrested on assault charges on April 8, 1979, and, after a hearing, was sent for an evaluation and thereafter committed to the commissioner of mental health effective May 23, 1979. On September 24, 1980, the court held one of its timely reviews. The defendant after that hearing brought this appeal attacking her continued commitment.