UNA BOWEN *v.* STEPHEN HEINTZ, COMMISSIONER
OF INCOME MAINTENANCE
(13172)

HEALEY, SHEA, CALLAHAN, GLASS and HULL, Js.

Argued January 14—decision released March 22, 1988

*Edmund C. Walsh,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Martin Rosenfeld,* assistant attorney general, for the appellant (defendant).

*Lucy Potter,* for the appellee (plaintiff).

PER CURIAM. The defendant appeals from a judgment of the trial court reversing a decision of a hearing officer of the department of income maintenance (DIM). The hearing officer had upheld the action taken by DIM when it found the family unit of the plaintiff, Una Bowen, and her two minor children, Christopher and Devon, no longer eligible to receive public assistance benefits under the Aid to Families with Dependent Children program (AFDC), authorized under 42 U.S.C. § 601 et seq. DIM had taken into consideration, when making a redetermination of the plaintiff's family unit's eligibility for AFDC, the income that Christopher was receiving as the surviving minor child of his deceased father under Title II of the Social Security Act (OASDI). The hearing officer held that this result was mandated by the Deficit Reduction Act of 1984 (DEFRA), Pub. L. No. 98-369 § 2640 (a), codified at 42 U.S.C. § 602 (a) (38) (1985 Sup.), and regulations relating thereto contained in 45 C.F.R. § 206.10 (a) (i) through (vii). The hearing officer decided: that the AFDC benefits should be discontinued for the plaintiff's family of three members; that Christopher's income, as well as Devon's income, must be used for the support of all members in the family comprising the assistance unit, and that,

since the income exceeded the $505 per month standard of need, assistance must be discontinued. The plaintiff appealed to the Superior Court pursuant to General Statutes § 4-183.

The following is a summary of facts stipulated to before the trial court. On June 13, 1986, the plaintiff was granted AFDC benefits for herself and her two children, Christopher and Devon. When AFDC was granted, the only income noted for the three person assistance unit was $100 per month in support payments for Devon. The plaintiff's child, Devon, is a dependent child because his father is absent from the child's home and he receives support payments from him. Christopher has been granted Social Security benefits on his deceased father's account. His income is $584 per month in Social Security benefits. The plaintiff desires continued AFDC benefits for herself and Devon only.

On July 11, 1986, the plaintiff was appointed guardian of the estate of her son, Christopher, by the Probate Court for the district of West Hartford. In appointing the plaintiff guardian, the Probate Court directed her to restrict expenditures of Christopher's Social Security benefits to Christopher's needs, and 25 percent of the household expenses.

On July 18, 1986, the defendant notified the plaintiff that he proposed to discontinue her AFDC benfits because her income exceeded her needs. The income referred to was Christopher's Social Security benefits and Devon's support payments. The plaintiff was afforded a fair hearing on August 11, 1986, at which the proposed termination of her benefits was upheld for the reason stated.

The plaintiff's weekly household expenses are approximately $184.50. Her weekly income, including child support payments for Devon and only that portion of

Christopher's Social Security benefits she is allowed to spend under the Probate Court's order, is $89.50.

The court found that DIM had erred in including Christopher in the assistance unit and sustained the plaintiff's appeal.The court concluded that a proper interpretation of 42 U.S.C. § 602 (a) (38) first required a determination of dependency under 42 U.S.C. § 606 (a) and General Statutes § 17-82.It then concluded that Christopher was not a dependent child under these provisions. It found that while Christopher was under eighteen and lived with his mother in a residence maintained by her as their home, he did not meet the additional criterion of being a needy child deprived of parental support and care because he received $584 per month in OASDI benefits. It decided that Christopher does not meet the eligibility requirements of the state or federal statutes and should not, therefore, be included in the assistance unit with his mother and brother. The court remanded the action to DIM with instructions to exclude Christopher and his income from the assistance unit when determining AFDC eligibility of the plaintiff and her son Devon.

The court ruled for the plaintiff on the statutory issue only and did not reach the issues raised by the plaintiff as to whether Christopher's OASDI funds were made "unavailable" by the order of the Probate Court or whether his constitutional rights were violated by applying his OASDI income to the assistance unit. The defendant's sole issue on appeal is that the court erred in not finding that 42 U.S.C. § 602 (a) (38) requires that a minor child receiving OASDI benefits be included in the AFDC assistance unit. The plaintiff briefed this issue and asserted four alternate grounds for sustaining the judgment: (1) a child's OASDI income restricted under a Probate Court order cannot be considered available for AFDC purposes under 42 U.S.C. § 602 (a) (38); (2) the DIM may not implement a federal AFDC pro-

vision which contravenes General Statutes §§ 17-82e and 17-85 and Connecticut probate law; (3) the defendant's policy, which precludes the plaintiff from showing that she has no available income under the terms of 42 U.S.C. § 602 (a) (38), creates an unconstitutional irrebutable presumption; and (4) the defendant's policy of diverting the legally restricted income of a minor to the support of the minor's family constitutes a taking in violation of the state and federal constitutions.

The defendant claimed at oral argument that *Bowen* v. *Gilliard,* 483 U.S. 587, 593 n.5, 107 S. Ct. 3008, 97 L. Ed. 2d 485 (1987), is dispositive of the principal issue in this case.

In 1984, Congress amended the statute authorizing AFDC to require that a family's eligibility for benefits must take into account, with certain specified exceptions, the income of all parents, brothers and sisters living in the same house. Id., 589. The principal question in *Bowen* was whether this requirement violated the fifth amendment to the United States constitution when it was applied to require a family wishing to receive AFDC to include within its unit a child for whom child support payments were being made by a noncustodial parent.

The United States Supreme Court ruled that the amendments involved did not conflict with the due process clause and the taking clause of the fifth amendment. Id., 3018, 3021. The court stated that the District Court had carefully considered statutory arguments concerning child support orders in general and rejected them, citing *Gilliard* v. *Kirk,* 633 F. Sup. 1529, 1548 (W.D.N.C. 1986). "We agree with that court's analysis of the meaning of the statute and find no merit in appellees' statutory arguments advanced in this Court. See also *Gorrie* v. *Bowen,* 809 F.2d 508, 513–16 ([8th

Cir.] 1987)." *Bowen* v. *Gilliard,* supra, 593 n.5. The District Court stated: "[T]he only way Congress can have made the statutory presumption of availability effective is by pre-empting that portion of state child support laws that makes the child support money the exclusive property of the child in whose name the child support order was issued or in whose name the money was voluntarily delivered, regardless of the mother's handling or distribution of the funds. Otherwise, the child's money would be unavailable under state law and the statutory presumption would be only a figment of the congressional imagination." *Gilliard* v. *Kirk,* supra, 1547. It flatly held that "the language and legislative history of the 1984 DEFRA amendment demonstrate congressional intent to pre-empt state law restrictions on the use of child support that would prevent the state from treating one child's support income as family income." Id., 1548. In *Gorrie* v. *Bowen,* supra, 514, the Court of Appeals for the Eighth Circuit stated that "[t]he statutory language . . . reveals that Congress intended by adopting section 602 (a) (38) to affect both child support payments and Title II Social Security benefits." "The statute [§ 602 (a) (38)] and its legislative history indicate that Congress intended that all coresident siblings of a dependent child applying for AFDC and their income, including Title II Social Security benefits and child support, should be counted in determining need and thus eligibility for AFDC assistance." Id., 516.

The plaintiff in this case conceded that the trial court had erred in concluding that a minor child receiving OASDI benefits need not be included in the AFDC assistance unit. She also conceded that *Bowen* foreclosed her fourth alternate ground for sustaining the judgment. The defendant claimed that *Bowen* v. *Gilliard,* supra, also determined adversely the plaintiff's third alternate ground for sustaining the judgment. The

plaintiff claimed, however, that her first, second and third alternate grounds survived *Bowen* v. *Gilliard,* supra.

We need wade no further into this esoteric swamp. The plaintiff claimed at oral argument that the case is moot in that the plaintiff has not been receiving AFDC benefits since May 1, 1987. The defendant did not contest this factual claim. The plaintiff further noted her continuing obligation as the parent of an AFDC beneficiary to repay to the state the full amount of any such aid paid to or on behalf of her children, under General Statutes § 17-83e. The plaintiff's first, second and third alternate grounds for affirming the judgment above, although described in varying terminology, all involve the narrow issue of the effect of a Probate Court order limiting the use of a minor's Social Security benefits on a family's eligibility for AFDC benefits.

" 'It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. *Connecticut State Employees Assn.* v. *AFSCME,* 188 Conn. 196, 199, 448 A.2d 1341 (1982); *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 440 A.2d 310 (1982).' *State* v. *Macri,* 189 Conn. 568, 569, 456 A.2d 1203 (1983); see also *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 571–74, 499 A.2d 1158 (1985)." *Hartford Principals' & Supervisors' Assn.* v. *Shedd,* 202 Conn. 492, 496, 522 A.2d 264 (1987). The defendant did not claim in opposition to the plaintiff's claim of mootness that the case is not moot because it presents a situation that is " ' "capable of repetition, yet evading review." ' " Id., 498.

The appeal is dismissed for mootness.