## STATE OF CONNECTICUT *v.* MICHAEL ROSS (13416)

PETERS, C. J., SHEA, CALLAHAN, GLASS and HULL, Js.

Argued June 3—decision released July 5, 1988

*Alan Neigher,* with whom was *Judith M. Trutt,* for the appellant (movant Connecticut Law Tribune).

*C. Robert Satti, Sr.,* state's attorney, for the appellee (state).

PER CURIAM. The dispositive issue in this case is whether the movant, the Connecticut Law Tribune (Tribune), is entitled to a portion of the transcript of the prosecution of the defendant, Michael Ross, for capital felony murder. In order to obtain access to this transcript, the Tribune filed a motion to intervene in the Ross trial at a time subsequent to its completion, when the defendant's convictions and sentence were already on appeal to this court. The trial court denied the motion. This appeal is here by virtue of a certification granted pursuant to General Statutes § 52-265a and Practice Book § 4177.

The facts relevant to this appeal are not at issue. Michael Ross was charged in three cases with having committed capital felony murder. The defendant was convicted as charged, and, after a penalty phase hearing, was sentenced to death on July 6, 1987. His murder trial was, in virtually all of its phases, open to the public. In November, 1987, Joseph Calve, a reporter for the Tribune, sought to order specific portions of the Ross trial transcript from the court reporter, Victoria Stockmal. The Tribune offered to pay the court reporter for preparing the transcript on its behalf. After consultation with the trial court, the court reporter's office refused the Tribune's request.

The Tribune filed a motion to intervene and for access to certain portions of the Ross transcript in the trial court on January 11, 1988. At that time, the transcript had not been filed with the clerk of the court. It was not established whether the reporter's notes had as yet been transcribed. Neither the defendant nor the state objected to having the transcript made available to the Tribune. The motion was heard on March 10, 1988.

In its denial of the Tribune's motion, the trial court relied on General Statutes § 51-61 (c). This statute provides: "Each official court reporter and assistant court

reporter shall, when requested, furnish to the court, to the state's attorney, or any assistant state's, or deputy assistant state's attorney, and to any party of record, within a reasonable time, a transcript of the proceedings, or such portion thereof as may be desired." The court determined that it lacked authority to permit the Tribune to intervene in a criminal proceeding for the purposes of the motion then being pursued, and that, as a non party, the Tribune was not entitled, under the terms of § 51-61 (c), to access to the Ross transcript. The court emphasized that, during the Ross trial, the Tribune had "had equal free access to all the proceedings of the subject case."

In its appeal to this court, the Tribune continues to maintain that it should be afforded immediate access to those portions of the Ross trial transcript that it has requested. It claims that the trial court's denial of its motion was in error because: (1) it had a right to intervene for this purpose; (2) it had a statutory right to obtain the transcript under § 51-61 (c); and (3) it had a constitutional right to obtain the transcript under the first amendment to the United States constitution.

At oral argument of this appeal, the state's attorney informed this court that the portion of the transcript sought by the Tribune has now been prepared and will soon be filed with this court in conjunction with the defendant's appeal in the underlying cases. See Practice Book § 4078. Once a transcript becomes part of a court file, it becomes a court record to which the public and hence the press undoubtedly have a right of access. General Statutes § 52-161; *Doe* v. *Manson,* 183 Conn. 183, 188, 438 A.2d 859 (1981).

In our view, these developments enable us to issue an order providing the Tribune access to the relevant portion of the Ross transcript pursuant to the inherent supervisory authority over the appellate process

which we may exercise in the interests of justice. *State v. Smith,* 207 Conn. 152, 162, 540 A.2d 679 (1988); *State v. Chung,* 202 Conn. 39, 44, 519 A.2d 1175 (1987); *State v. Madera,* 198 Conn. 92, 99–100, 503 A.2d 136 (1985); *State* v. *Cohane,* 193 Conn. 474, 499, 479 A.2d 763, cert. denied, 469 U.S. 990, 105 S. Ct. 397, 83 L. Ed. 2d 331 (1984).[1] For present purposes, we can anticipate the fact that the transcript will become a public record in the near future. Our order must, of course, take into account not only the first amendment interests of the public and the press in full access to all aspects of criminal proceedings; see, e.g., *Press-Enterprise Co.* v. *Superior Court of California,* 478 U.S. 1, 106 S. Ct. 2735, 2743, 92 L. Ed. 2d 1 (1986); *Press-Enterprise Co.* v. *Superior Court of California,* 464 U.S. 501, 508–11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984); *Richmond Newspapers, Inc.* v. *Virginia,* 448 U.S. 555, 575–81, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980); cf. *Branzburg* v. *Hayes,* 408 U.S. 665, 681–83, 92 S. Ct. 2646, 33 L. Ed. 2d 626 (1972); but also the due process interests of the defendant in a full and timely opportunity to prepare for appellate review. See, e.g., *Rinaldi* v. *Yeager,* 384 U.S. 305, 310, 86 S. Ct. 1497, 16 L. Ed. 2d 577 (1966); *Gaines* v. *Manson,* 194 Conn. 510, 515–20, 481 A.2d 1084 (1984); *D'Amico* v. *Manson,* 193 Conn. 144, 147, 476 A.2d 543 (1984).

Accordingly, we hereby order the chief clerk of this court to make appropriate arrangements for the Tribune to be afforded access to the portion of the transcript that it seeks. Within two weeks of the publication of this opinion, when the relevant portion of the transcript has been made known to the chief clerk, he is

---

[1] We have plenary authority to pursue this course sua sponte although this ground for relief was not explicitly articulated below or in the briefs in this court. See *State* v. *Smith,* 207 Conn. 152, 163, 540 A.2d 679 (1988); *State* v. *Gilnite,* 202 Conn. 369, 373, 521 A.2d 547 (1987); *Greenwood* v. *Greenwood,* 191 Conn. 309, 315, 464 A.2d 771 (1983).

ordered to arrange to have the transcript made available to the Tribune, for its inspection and reproduction, at a time and place that does not interfere with the defendant's preparation of his appeal.

In light of this order, which will provide the Tribune the specific relief that it seeks, there is no need for further exploration of the theoretical thicket that the trial court confronted. In effect, the issues presented by this motion have become moot. *Bowen* v. *Heintz,* 206 Conn. 636, 642, 539 A.2d 122 (1988); *Board of Education* v. *Board of Labor Relations,* 205 Conn. 116, 124–25, 530 A.2d 588 (1987); *Hartford Principals' & Supervisors' Assn.* v. *Shedd,* 202 Conn. 492, 496, 522 A.2d 264 (1987); *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 571, 499 A.2d 1158 (1985). They are unlikely again to arise in their present form because of the amendment of § 51-61 by the enactment of Public Acts 1988, No. 88-31, which will become effective October 1, 1988.[2]

The appeal of the Tribune from the order of the trial court is dismissed as moot.

[2] As amended, General Statutes § 51-61 (c) will provide: "Each official court reporter and assistant court reporter shall, when requested, furnish to the court, to the state's attorney or any assistant or deputy assistant state's attorney, to any party of record and to any other person, within a reasonable time, a transcript of the proceedings, or such portion thereof as may be desired, except that, if the proceedings were closed to the public, such court reporter shall not furnish such transcript or portion thereof to such other person unless the proceedings were commenced on or after the effective date of this act and the court in its discretion determines that such disclosure is appropriate."