CONNECTICUT RESOURCES RECOVERY AUTHORITY *v.*
FREEDOM OF INFORMATION COMMISSION ET AL.
(7414)

DUPONT, C. J., O'CONNELL and STOUGHTON, Js.

Argued May 11—decision released August 29, 1989

*Susan P. Liemer,* commission counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellant (named defendant).

*Lissa J. Paris,* with whom was *Dina Plapler,* for the appellee (named plaintiff).

*Gregory J. Southworth,* with whom, on the brief, was *William A. Wechsler,* for the appellee (intervening plaintiff Signal Environmental Systems, Inc.).

STOUGHTON, J. The defendant Freedom of Information Commission (FOIC) appeals from the judgment of the trial court sustaining the plaintiff Connecticut Resources Recovery Authority's (CRRA) appeal and reversing the FOIC's decision requiring the CRRA to disclose a confidential bid proposal.

The trial court found the following facts. On April 22, 1983, the CRRA issued a request for proposals to redevelop the greater Bridgeport resource recovery facility. In that request, the CRRA stated that it would attempt to protect confidential information from disclosure. In response to the request for proposals, Signal Environmental Systems, Inc. (Signal),[1] and others submitted their proposals. Subsequently, on invitation, Signal submitted a two part proposal. The CRRA approved Signal's proposal and negotiated a contract with it. In a letter dated August 2, 1986, New England Energy Consultants, by its president Ethan Book,[2] requested that the CRRA provide it with a copy of Signal's proposal. The CRRA denied the request on the

---

[1] Signal is now known as Wheelabrator Technologies, Inc.

[2] Book is the president of New England Energy Consultants. Hereinafter, these two parties will be referred to as Book.

basis that the proposal was exempt from disclosure under General Statutes § 1-19 (b).

Book then filed an appeal with the FOIC. The FOIC heard the matter as a contested case. After holding hearings, the FOIC concluded that the information contained in the proposal was information that was required by General Statutes § 22a-266,[3] and therefore was not exempt under General Statutes § 1-19 (b) (5). The FOIC ordered the CRRA to provide Book with a copy of Signal's proposal.

The CRRA appealed the decision to the trial court pursuant to General Statutes §§ 4-183 and 1-21i (d), naming as defendants both the FOIC and Book. After the appeal was filed, Signal moved for permission to intervene in the action as a plaintiff and, there being no objection, the trial court granted Signal's motion.

The CRRA maintained that the operative statute governing the proposal was General Statutes § 22a-268, not § 22a-266. After a hearing, the trial court concluded that Signal's bid proposals contained commercial and financial information and were proprietary and confidential. The trial court concluded that the bid proposal had been made pursuant to § 22a-268 and that the

---

[3] General Statutes § 22a-266 (Rev. to 1985) provided in pertinent part: "(b) Any contract for construction valued at over twenty-five thousand dollars shall be let by the authority pursuant to the process of open or competitive bidding, provided, the authority shall have power to determine the format, contents and scope of any contract for a waste management project, the conditions under which bidding shall take place and the schedule and stipulations for a contract award. The authority shall also have power to select the contractor deemed to have submitted the lowest qualified bid, price and other factors considered, when, in the judgment of the authority, such award is in the best interests of the state. The authority may in its discretion negotiate and enter into a contract or contracts with a single source for any of the professional services specified in subdivision (16) of subsection (a) of this section required by or attendant upon the development of the solid waste management system or any waste management project to be established in accordance with the provisions of this chapter."

FOIC had erred "in concluding that Signal was *required* by General Statutes § 22a-266 to provide proposals to the CRRA for the Recovery Project." (Emphasis in original.)

On September 19, 1988, the FOIC filed this appeal of the trial court's decision. By letter dated October 19, 1988, Book informed this court that he was not joining in the FOIC's appeal.

Initially, the plaintiff Signal contends that the FOIC lacks standing to prosecute this appeal because Book has not taken an appeal to this court, and in fact has expressly withdrawn from this appeal. Signal argues that because the parties requesting these documents have "dropped out of this appeal," the appeal is not being prosecuted by a party who can derive a benefit from a favorable decision by this court.

In *Local 1303 & Local 1378* v. *Freedom of Information Commission,* 191 Conn. 173, 177, 463 A.2d 613 (1983), our Supreme Court dismissed an appeal brought by the FOIC because the court found that the commission was not an aggrieved party. In 1984, General Statutes § 1-21i (d) was amended by Public Acts 1984, No. 84-311,[4] which added the following language: "The

[4] Public Acts 1984, No. 84-311 provided in pertinent part: "AN ACT CONCERNING THE STANDING OF THE FREEDOM OF INFORMATION COMMISSION TO PROSECUTE AND DEFEND COURT APPEALS AND THE DISCLOSURE OF TRADE SECRETS.

"Section 1. Subsection (d) of section 1-21i of the general statutes, as amended by section 1 of public act 83-129, is repealed and the following is substituted in lieu thereof:

"(d) Any party aggrieved by the decision of said commission may appeal therefrom, in accordance with the provisions of section 4-183. THE COMMISSION SHALL HAVE STANDING TO DEFEND, PROSECUTE OR OTHERWISE PARTICIPATE IN ANY APPEAL OF ANY OF ITS DECISIONS AND TO TAKE AN APPEAL FROM ANY JUDICIAL DECISION OVERTURNING OR MODIFYING A DECISION OF THE COMMISSION. IF AGGRIEVEMENT IS A JURISDICTIONAL PREREQUISITE TO THE COMMISSION TAKING ANY SUCH APPEAL, THE COMMISSION SHALL BE DEEMED TO BE AGGRIEVED. Notwithstanding the provisions of section 3-125, legal counsel employed or retained by said commission shall

commission shall have standing to defend, prosecute or otherwise participate in any appeal . . . from any judicial decision overturning or modifying a decision of the commission. If aggrievement is a jurisdictional prerequisite to the commission taking any such appeal, the commission shall be deemed to be aggrieved." It is clear from the language, as well as the legislative history surrounding Public Acts 1984, No. 84-311, that the purpose of the act was to bestow upon the FOIC the power to pursue an appeal on its own behalf. Thus, there is no merit to Signal's argument that the FOIC lacks standing.

There is merit, however, to its contention that any resolution of this appeal cannot result in any practical relief to the defendant.

It is a fixed principle of law that appellate courts do not decide moot questions. See, e.g., *State* v. *Nardini*, 187 Conn. 109, 112, 445 A.2d 314 (1982); *Waterbury Hospital* v. *Connecticut Health Care Associates*, 186 Conn. 247, 249–50, 440 A.2d 310 (1982); *Rosnick* v. *Zoning Commission*, 172 Conn. 306, 308–309, 374 A.2d 245 (1977). A case is moot if it is disconnected from the granting of actual relief or it involves a determination

---

represent said commission in all such appeals and in any other litigation affecting said commission. Notwithstanding the provisions of subsection (b) of section 4-183 and section 52-64, all process shall be served upon said commission at its office. [Such appeals] ANY APPEAL TAKEN PURSUANT TO THIS SECTION shall be privileged in respect to [their] ITS assignment for trial over all other actions except writs of habeas corpus and actions brought by or on behalf of the state, including informations on the relation of private individuals. Nothing in this section shall deprive any party of any rights he may have had at common law prior to January 1, 1958. If the court finds that any appeal [brought] TAKEN pursuant to this section or section 4-183 is frivolous or [brought] TAKEN solely for the purpose of delay, it shall order the party responsible therefor to pay to the party injured by such frivolous or dilatory appeal costs or attorney's fees of not more than one thousand dollars. Such order shall be in addition to any other remedy or disciplinary action required or permitted by statute or by rules of court."

from which no practical relief to the complainant can follow. See *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944). An appeal can become moot if a new statute is enacted that would prevent a claimant from being able to realize the benefits of any judgment he or she might receive. See *DelMastro* v. *Liquor Control Commission,* 146 Conn. 740, 154 A.2d 241 (1959).

After this action commenced, General Statutes § 22a-266 was substantially amended by Public Acts 1987, No. 87-451.[5] Whether the information in the proposal was required under the language of § 22a-266 as it stood prior to that amendment is no longer a question of any consequence because there can be no future proposal subject to § 22a-266 as it existed before it was

---

[5] Public Acts 1987, No. 87-451, provided in pertinent part: "Sec. 3. Section 22a-266 of the general statutes is repealed and the following is substituted in lieu thereof:

\* \* \*

"(b) Any [contract for construction valued at over twenty-five thousand dollars shall be let by the authority pursuant to the process of open or competitive bidding, provided, the authority shall have power to determine the format, contents and scope of any contract for a waste management project, the conditions under which bidding shall take place and the schedule and stipulations for a contract award. The authority shall also have power to select the contractor deemed to have submitted the lowest qualified bid, price and other factors considered, when, in the judgment of the authority, such award is in the best interests of the state. The authority may in its discretion negotiate and enter into a contract or contracts with a single source for any of the professional services specified in subdivision (16) of subsection (a) of this section required by or attendant upon the development of the solid waste management system or any waste management project to be established in accordance with the provisions of this chapter] CONTRACTS AUTHORIZED BY THIS CHAPTER SHALL BE ENTERED INTO BY THE AUTHORITY ON THE SAME BASIS AND SUBJECT TO THE SAME LIMITATIONS AND CONSIDERATIONS APPLICABLE TO MUNICIPAL AND REGIONAL RESOURCES RECOVERY AUTHORITIES PURSUANT TO SUBSECTION (C) OF SECTION 7-273bb, EXCEPT THAT IN ENTERING INTO A CONTRACT FOR A RESOURCES RECOVERY FACILITY, SOLID WASTE FACILITY, VOLUME REDUCTION PLANT OR SOLID WASTE MANAGEMENT SYSTEM, THE AUTHORITY SHALL CONSIDER THE BEST INTERESTS OF THE MUNICIPALITY OR REGION TO BE SERVED BY SUCH FACILITY, PLANT OR SYSTEM."

amended. See *DelMastro* v. *Liquor Control Commission,* supra; see also *Horton* v. *Meskill,* 195 Conn. 24, 42–43, 486 A.2d 1099 (1985).

We note also that Book no longer is a party to this action and, since it does not appear that anyone else is interested in the proposal, the only apparent consequence of an order of disclosure would be to vindicate the FOIC's prior decision. This case thus involves a superseded statute, the interpretation of which can be of only academic interest to a state agency.

Existence of an actual controversy is an essential requisite to appellate jurisdiction. It is not the function of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. *Bowen* v. *Heintz,* 206 Conn. 636, 642, 539 A.2d 122 (1988).

The appeal is dismissed as moot.

In this opinion the other judges concurred.

