[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The plaintiff Abraham Kalina is the administrator of the estate of the deceased Robin Kalina Pratt. The complaint alleges that the defendants City of Waterbury, Officer Daniel Cavanaugh, and Chief William Lamb of the Waterbury Police Department, failed to take certain actions appropriate to the decedent's report of a present threat on her life by Douglas Pratt, her estranged husband, and that as a result of the failure to act by the defendants, the decedent was killed by him. The defendants have moved to strike five counts of the seven count complaint.
The First Count alleges that after the decedent reported a threat and assault on her by Douglas Pratt two days before, the defendant Cavanaugh, to whom the decedent reported the danger, was negligent in failing to take any action when it was his duty to act, and that as a result the decedent was killed. The motion to strike asserts that as a municipal employee engaged in the performance of a discretionary function, the defendant is immune from civil liability. The plaintiff responds that the complaint states facts that allege one of the recognized exceptions to the general rule regarding immunity for police officers: the identifiable person/imminent harm exception.[1] The exception, recently articulated in Gordon v. Bridgeport Housing Authority,208 Conn. 160 (1988), is "whether the defendant owed a duty to the plaintiff's decedent," Id. at 171, a duty that may be defined as one which would make it "apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm." Id. at 167, citing Sestito v. Groton, 178 Conn. 520,528 (1988).
The third amended complaint, dated June 3, 1993, alleges such a duty, the existence of which is a question of law. Shore v. Stonington, 187 Conn. 147, 151 (1982). Moreover, such a question may be decided on a motion to strike. Gordon v. Bridgeport Housing Authority, supra, 170-172.
Most of the cases which might give this court guidance have dealt with the "identifiable person" aspect of the exception. See Sestito, Shore, and Gordon, supra. The court is satisfied that the plaintiffs have alleged sufficient facts for the court to conclude, as a matter of law that the plaintiff's decedent was such a person.
The "imminent harm" aspect is more troublesome. The complaint alleges that the harm which befell the decedent as a result of the defendant's negligence occurred the next day, when the assailant entered her home and shot her. The Supreme Court has held that the CT Page 4275 release with a mere warning by a police officer of an inebriated driver who, within an hour, precipitated a fatal car accident did not meet the "identifiable person/imminent harm" exception, Shore v. Stonington, supra, although the case discusses only the lack of a discrete-person-as-victim. More recently, however, the Court used Shore to buttress its reasoning in Evon v. Andrews, 211 Conn. 501
(1989), in which the court found that a municipality's failure to adequately enforce its fire, housing, and health codes did not subject it to civil liability from the plaintiff whose decedent was killed in a house fire. The risk of such a fire did "not even rise to the level of imminence . . . rejected in Shore v. Stonington, supra, in which a police officer permitted a drunk driver to continue on his way, resulting in the death of plaintiff's decedent." Evon v. Andrews, supra, at 508. In light of a definition of "imminence" which seems to require more than an event "which could have occurred at any time in the future or not at all," Id., the allegations in Count One of the plaintiff's complaint, even read in a manner most favorable to the plaintiff, do not meet the second prong of the identifiable person/imminent harm test. This count is, therefore, stricken.
Count Four of the Complaint alleges that the defendant Chief William Lamb had a specific statutory duty under Conn. Gen. Stat. Sec. 46b-38b to "develop and implement specific operational guidelines for arrest policies" in family violence cases, Complaint, Fourth Count, para. 3, a duty which he breached, resulting in damages to the plaintiff's decedent. Rather than a discretionary duty, the plaintiff argues, this is a ministerial duty which does not admit of exceptions such as those under the previous analysis of discretionary functions. For example, it is not necessary that the potential victim be an identifiable person as opposed to a member of the public at large, or that the danger of harm from the negligent act be imminent. Rather in the case of a claim that a municipal officer has failed to comply with some mandatory requirement of a statute, the test is whether (1) the plaintiff is within the class of persons protected by the statute, and (2) whether the injury is of the type the statute was intended to prevent. Wright v. Brown, 167 Conn. 464, 468 (1975). Those two questions can easily be answered affirmatively in this case, if one first assumes that the statute to which the defendant failed to adhere — 46b-38b — is a statute designed to protect persons against injury. Although the performance of the action required by the statute (promulgating and implementing guidelines) may be more complicated than the action required in Wright, supra, (penning up a dog for fourteen days), it appears to be no less mandatory, and CT Page 4276 it even contains a deadline by which the law enforcement agency must come into compliance. Also the legislative history makes it clear that a primary purpose of the statute was, in fact, to protect victims of family violence crimes from further injury by, among other things, eliminating the indifference of law enforcement agencies to those threatened with harm by family members. See, gen., Conn. Pub. Act 86-337, An Act Concerning Family Violence Prevention and Response, also see, e.g., 29 H.R. Proc., Pt. 14, 1986 Sess., pp. 5251-53 (Remarks of Rep. Wollenberg). The Fourth Count states a cognizable claim
The defendants have moved to strike the Third and Sixth Counts of the Complaint which allege that the actions of the defendants violated Robin Kalina's rights under the Connecticut Constitution to due process and equal protection of the laws. Although the Second and Fifth Counts of the complaint alleging federal constitutional claims have previously been allowed to stand by the court, neither the defendants or the plaintiff has provided the court with an analysis of the elements of such a cause of action under the state constitution. The Motion to Strike these counts is therefore denied, it being the moving party's burden to "distinctly specify the reason" for the claimed insufficiency in the complaint. Conn. Prac. Book Sec. 154. Rowe v. Godou, 209 Conn. 273 (1988).
The Seventh Count contains a claim under Conn. Gen. Stat. Sec.7-465 against the City of Waterbury for indemnification of the defendants Cavanaugh and Lamb in the event they are found to be liable to the plaintiff. Because the Second, Third, Fourth, Fifth, and Sixth Counts have not been stricken, the Seventh Count remains viable.
The Motion to Strike is granted as to the First Count of the Complaint and denied as to the other counts contained in Defendants' Motion to Strike #154.
PATTY JENKINS PITTMAN, JUDGE