[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Bloomfield Administrators Association ("Association") has filed this administrative appeal from the decision of the Connecticut State Board of Labor Relations ("State Board") dismissing its charge that the Bloomfield Board of Education ("board of education") engaged in an unfair labor practice when it eliminated one of the three vice-principalships at Bloomfield High School in 1990.
Procedural History
The Association, which is the collective bargaining representative for the administrators employed in the public schools of Bloomfield, filed a complaint with the State Board on October 22, 1990, alleging that the board of education committed practices prohibited by § 10-153e(e) C.G.S., specifically that "[u]nder color of elimination of one of the [three] positions [vice-principal at Bloomfield High School], the Respondent has made substantial unilateral changes in established conditions of employment resulting, inter alia, in the wrongful termination of Ronald E. Theriault, a Vice Principal at the High School."
The State Board heard evidence and argument on February 6, 1992, June 3, 1992, and July 1, 1992. In his opening statement, counsel for the Association stated that because its position was that it was illegal for the Board of Education to eliminate one of the positions and redistribute Theriault's duties to the remaining vice-principals, the Association's complaint was not based on a failure to bargain concerning impact. He explained that the duty to bargain as to impact arises only if the change that caused the impact was legal and that the Association's view was that the elimination of the position was itself a violation of the statute requiring collective bargaining.
The State Board issued a decision dated August 10, 1993 dismissing the complaint, and the Association filed a timely appeal from that ruling.
During the pendency of this appeal, Theriault, the vice-principal whose employment was terminated as a result of elimination of one of the three positions in the high school vice-principal classification, pursued an action arising under § 10-151(f) C.G, S., the Teacher Tenure Act. On June 7, 1993, the Appellate Court, reversing the trial court, ruled in Theriault's favor and ordered his reinstatement with back pay. Theriault v.Board of Education, 31 Conn. App. 690, cert. denied, 227 Conn. 911
CT Page 5092 (1994).
Mootness
The relief sought here by the bargaining unit that represents Theriault is the reversal of the decision of the State Board, and, implicitly, the granting of the relief sought in the Association's prohibited practices complaint, namely, restoration of Theriault's position and employment, with back pay.
At oral argument, the Association conceded that Theriault has been reinstated and that back pay has either been awarded or is in the process of being calculated. The Association did not claim that any of the relief sought in the complaint which gives rise to this appeal has not been achieved; however, it expressed the hope for a ruling to provide guidance for future situations.
It is not the province of the courts to decide moot questions disconnected from the granting of actual relief or from the determination of which no practical relief can follow. Garcia v.Brooks Street Associates, 209 Conn. 15, 22, 546 A.2d 275 (1988);Bowen v. Heintz, 206 Conn. 636, 642, 539 A.2d 122 (1988); State v.Macri, 189 Conn. 568, 569, 456 A.2d 1203 (1983). "The courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law . . . and where the question presented is purely academic, we must refuse to entertain the [suit]." Goodson v.State, 228 Conn. 105, 115 (1993).
The Association claims that despite the granting of full relief concerning the elimination of Theriault's position, its appeal should be decided because the situation is capable of repetition yet evades review, a situation recognized by the Supreme Court in Goodson v. State, 228 Conn. 105, 115, as a reason to rule on an issue even where no actual relief remains at issue.
Pursuant to this doctrine, courts will examine questions that are moot under circumstances in which 1) the challenged action was too short in duration to be fully litigated prior to its cessation or expiration, and 2) there is a reasonable expectation that the same complaining party will be subject to the same action again.Weinstein v. Bradford, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350
(1975); Board of Education v. Board of Labor Relations, 205 Conn. 116,126 (1987); Hartford Principals' Supervisors' Assn. v.Shedd, 202 Conn. 492, 496, 522 A.2d 264 (1987). CT Page 5093
There is no separate or different standard for determining mootness where an appeal concerns a labor dispute. Board ofEducation v. Board of Labor Relations, 205 Conn. 127 n. 8. In such cases, as in other cases, the Court has ruled that in determining whether a situation is "capable of repetition, yet evading review," the following factors should be considered: "(1) the public importance of the question presented; (2) the potential effect of the ruling on an ongoing program of the state's penal or civil system; and 3) the possibility of a similar effect on the complainant in the future." Goodson v. State, 228 Conn. 106, 115;Board of Education v. Board of Labor Relations, 205 Conn. 126, citing Shays v. Local Grievance Committee, 197 Conn. 566, 572-73,499 A.2d 1158 (1985).
The dispute that gave rise to this appeal concerns the particular situation in which some of the duties of a position within a job classification remain when one employee in that classification is terminated. In most situations in which the positions of school administrators are eliminated, the elimination of jobs is closely related to an elimination of work, as when a school closes and there is one less building to manage. The issue raised in this appeal concerns a very particular and somewhat unusual fact pattern that cannot be said to be typical of situations in which school administrators are terminated. The court therefore does not find that the issue the Association wishes to present is a "fundamental labor relations issue" of the sort presented in Goodson v. State, 228 Conn. 116.
The Association does not assert that the attempt to reduce the number of positions is likely to be repeated. Since the precise situation at issue in this appeal has been the subject of full relief, it does not appear prudent to decide in the abstract a principle to apply to future cases that may not arise or that may arise under significantly different factual circumstances. Here, as in Board of Education v. Board of Labor Relations, 205 Conn. 129, the situation that led to the appeal may be obviated as a result of subsequent collective bargaining, so that a similar situation may not arise again between the parties.
The Association, in essence, seeks an opinion on an academic point of law, and "discretionary prudential concerns counsel against [courts] undertaking to render an opinion that would, in effect, be merely advisory." Board of Education v. Board of LaborRelations, 205 Conn. 129; State v. Hope, 203 Conn. 420, 425, CT Page 5094524 A.2d 1148 (1987).
Finding that this dispute does not meet the criteria for a dispute capable of repetition yet evading review, this court hereby dismisses the appeal as moot.
Beverly J. Hodgson Judge of the Superior Court