METRO MOBILE CTS OF FAIRFIELD COUNTY, INC., ET AL *v.* DEPARTMENT OF PUBLIC UTILITY CONTROL ET AL.

METRO MOBILE CTS OF FAIRFIELD COUNTY, INC., ET AL. *v.* DEPARTMENT OF PUBLIC UTILITY CONTROL ET AL.
(SC 15609)

Callahan, C. J., and Berdon, Norcott, Katz and Peters, Js.

Argued September 24—officially released November 4, 1997

*Mark F. Kohler*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellant (named defendant).

*David W. Bogan*, with whom were *Dina S. Fisher* and, on the brief, *Steven R. Humphrey*, for the appellees (named plaintiff et al.).

*Peter J. Tyrrell*, with whom, on the brief, were *Jean L. Kiddoo*, pro hac vice, and *Robert V. Zener*, pro hac vice, for the appellee (plaintiff Springwich Cellular Limited Partnership).

*Opinion*

PER CURIAM. This consolidated appeal arises out of decisions of the named defendant, the department of public utility control (department), ordering intrastate cellular mobile communications providers to participate in the funding of the department's Universal Service and Lifeline Programs.[1] The plaintiffs, cellular mobile telecommunications providers licensed by the Federal Communications Commission, appealed from those decisions to the Superior Court pursuant to General Statutes §§ 16-35 and 4-183 and § 16-1-17 (c) of the Regulations of Connecticut State Agencies. The trial court reversed both decisions, and the department appealed from the judgment of the trial court to the Appellate Court. The appeal was transferred to this

---

[1] See Department of Public Utility Control, Exploration of Universal Service Policy Issues, Docket No. 94-07-08 (March 31, 1995), and Department of Public Utility Control, Exploration of Lifeline Program Policy Issues, Docket No. 94-07-09 (May 3, 1995).

court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

Subsequent to the trial court's rendering of its judgment, General Statutes § 16-247e, which was the basis for the department's orders that are at issue in this appeal, was amended by the legislature. See Public Acts 1997, No. 97-121, § 1. The department subsequently initiated a new proceeding to address issues related to the Universal Service and Lifeline Programs. At oral argument before this court, the department indicated that it will not seek contributions from the plaintiffs pursuant to the challenged orders. This court therefore can afford the plaintiffs no relief. "[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *Ayala* v. *Smith*, 236 Conn. 89, 93, 671 A.2d 345 (1996). The plaintiffs' appeal therefore must be dismissed for lack of subject matter jurisdiction.

The appeal is dismissed.