[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Procedural History
This is an appeal pursuant to Conn. Gen. Stat. § 4-183 by the Hartford Principals and Supervisors Association (the Union) from a decision of the Connecticut State Board of Labor Relations (the Labor Board). CT Page 559
On October 12, 1994, the Union filed a prohibited practice complaint with the Labor Board alleging that the Hartford Board of Education (the School Board) had engaged in practices prohibited by Conn. Gen. Stat. § 10-153e of the Teacher Negotiation Act (TNA or the Act). The Union's complaint was amended on November 17, 1994. In its complaint, the Union alleged that the School Board violated the TNA by executing a contract with the company "Education Alternatives Inc." (EAI) because that contract repudiated the collective bargaining agreement between the Union and the School Board, subcontracted bargaining unit work and unlawful changed the working conditions of the members of the Union.[1]
The parties appeared before the Labor Board for a hearing on March 3, March 15, July 26, August 2, and September 18, 1995. During the third day of hearing, the Unions moved to amend their complaints to include allegations that the implementation (as well as the signing of the EAI contract violated the TNA. The Labor Board refused to accept the amended complaints, sustaining the School Board's objection, on the grounds that the entire matter had thus far proceeded on the allegations concerning only execution of the contract and that to allow the amendment would unreasonably expand the scope of the hearing and prejudice the School Board. Thus, the hearing before the Labor Board in this matter was confined to the question of whether the EAI contract, on its face, violated the Act.[2]
On July 24, 1996, the Labor Board issued its decision and dismissal of complaints (Hartford Board of Education, Decision No. 3423 (1996)). In its decision, the Labor Board determined that there was no support for the claims that the contract constituted unlawful subcontracting of bargaining unit work, repudiation of the collective bargaining agreement or an unlawful unilateral change in working conditions for the bargaining unit members.
The Union filed this administrative appeal from the Labor Board's decision. Subsequently two developments occurred. On November 7, 1996, the School Board negotiated a termination of its contract with EAI, which contract was subject of the complaint to the Labor Board. See affidavit of Ann F. Bird and attachment, November 19, 1997. Secondly by S.A. 97-4, § 2, "[t]he Hartford Board of Education in existence on the effective date of this act, [was] dissolve[d] on June 1, 1997." The Board of Education is not to be re-established under the Special Act CT Page 560 until either 2000 or (if requested of the State Board of Education) 2002.[3] Id. In light of these developments, the Court asked the parties to brief the issue of the mootness of the administrative appeal.
Mootness
The relief sought here by the Union in its complaint was that the School Board be ordered to negotiate with the Union regarding all mandatory subjects or bargaining effected by the execution of the contract by the Board and EAI prior to the implementation of such sections that effect mandatory subjects of bargaining. The Union also sought any other relief available under the provisions of C.G.S. § 10-153e(e). Such further relief would include, on finding that the Teacher Negotiation Act had been violated, declaring the EAI contract void, and directing that the School Board not enter into any contract with EAI without prior collective bargaining.
Now that the contract with EAI has terminated and the Special Act has been passed, no practical relief through the Labor Board is available. It is not the province of the courts to decide moot questions disconnected from the granting of actual relief or from the determination of which no practical relief can follow.Garcia v. Brooks Street Associates, 209 Conn. 15, 22,546 A.2d 275 (1988); Bowen v. Heintz, 206 Conn. 636, 642,539 A.2d 122 (1988); State v. Macri, 189 Conn. 568, 569,456 A.2d 1203 (1983). "The courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law . . . and where the question presented is purely academic, we must refuse to entertain the [suit]." Goodson v. State. 228 Conn. 105. 115.635 A.2d 285 (1993). See also MetroMobile CTS v. DPUC,243 Conn. 235, 237 (1997) (change in statute).
The Union argues that while the contract is not in existence, and the remedy of voiding the contract does not exist, the Labor Board still has the authority to bar the School Board from the entry into new contracts of this nature. Thus it is claimed that there is practical relief available. The answer to this contention is that any new contract will be entered into by a state entity and will not be with EAI.
The Union also argues that this case is subject to the mootness exception of "capable of repetition yet evading review."Weinstein v. Bradford, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d CT Page 561 350 (1975); Board of Education v. Board of Labor Relations,205 Conn. 116, 126, 530 A.2d 588 (1987); Hartford Principal's Supervisor's Assn. v. Shedd, 202 Conn. 492, 496, 522 A.2d 264
(1987). There is no separate or different standard for determining mootness, or an exception therefrom, where an appeal concerns a labor dispute. Board of Education v. Board of LaborRelations, 205 Conn. 127 n. 8.
The most recent statement of criteria for this doctrine is set forth in Loisel v. Rowe, 233 Conn. 370, 382, 660 A.2d 323
(1995) as follows:
 Our cases reveal that for an otherwise moot question to qualify for review under the "capable of repetition, yet evading review" exception, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance.
Plaintiff cannot meet at least the first two requirements of this doctrine. First, regarding the "inherently limited duration" requirement, this is not an instance where the collective bargaining agreement itself forms the basis of the administrative appeal. Rather Union objects to a contract executed by the School Board which had a five-year duration.See Exhibit B. The cases of Hartford Principal's Supervisor's Assn. v. Shedd, 202 Conn. 492, 522 A.2d 264 (1986) and Board of Education v. Board of Labor Relations,201 Conn. 685, 519 A.2d 41 (1986), recognizing the short duration of collective bargaining agreements, are thus distinguishable. To quote Loisel, 233 Conn. at 383-4 "[i]f an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy."
Secondly, and more importantly, the plaintiff has failed to demonstrate that there is "a reasonable likelihood that the CT Page 562 question presented in the pending case will arise again in the future. . . ." Loisel at 382. (Emphasis added).
Plaintiff claims that the entity created under S.A. 97-4, § 3, the State Board of Trustees for the Hartford Public Schools, is contemplating privatization in the nature of the EAI contract. This is said to meet the second prong of theLoisel test.
First, the State Board is not a mere substitute for the abolished Hartford School Board. Where the Hartford School Board was elected, the new State Board is, under S.A. 974, § 3, a seven-member appointed board. In addition under section 4, specific instances are set forth where the new Board is bound by the actions of the old board, such as collective bargaining agreements in effect at the time of creation of the State Board. In all other respects this is a new entity, entitled to take original action as it deems appropriate.
Nothing in the Hartford Improvement Plan (attached to the plaintiff's supplemental brief and referred to in S.A. 97-4, § 4(3)) sets forth that EAI or a similar entity will be selected to enter into a contract with the State Board of Trustees. At most there is a reference to a partnership
with private groups. Seepage 11, November 6, 1996 report.
On December 17, 1997, and December 30, 1997, the plaintiff, with the permission of the Court, tendered three newspaper articles and a Coopers Lybrand audit of the Hartford Public School System to argue that there was a "reasonable likelihood that the question presented will arise again in the future. . . ." These materials do not establish the plaintiff's contention. The Coopers Lybrand audit recommends renegotiation of collective bargaining agreements and implementation of fiscal controls. This does not, indicate privatization. Commissioner Sergi's comments on the Hamden schools are not at all relevant to Hartford's situation. Finally the statements made by Chairman Furek in response to the Coopers Lybrand audit indicate no more than that the corporate community of Hartford will be involved in solving the problems of Hartford schools.
There has been no showing that the question presented in the pending case, namely the School Board's entry into a contract with EAI, will arise again in the future. The plaintiff has CT Page 563 therefore failed to meet the second requirement of the exception from mootness.
Since the plaintiff has not met at least two criteria of the exception, the exception does not apply and the case must be found moot. Loiselat 382-3. The appeal is dismissed as moot.
Henry S. Cohn Judge of the Superior Court